# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADRIANNE GARDNER-KEEGAN, SCOTT A. NORMAN, and ALISON DELA RIVA, individually, and as Representatives of a Class of Participants and Beneficiaries of the W.W. Grainger, Inc. Retirement Savings Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>W.W. GRAINGER, INC., BOARD OF DIRECTORS OF W.W. GRAINGER, INC., and W.W. GRAINGER, INC. PROFIT SHARING INVESTMENT COMMITTEE,<br><br>Defendants. | Case No. 1:25-cv-05233<br><br>Honorable Mary M. Rowland |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Class Action Settlement Agreement is entered into between and among the Class Representatives, all Class Members, and the Defendants.

## 1. ARTICLE 1 – RECITALS

1.1. On May 12, 2025, Plaintiffs Adrianne Gardner-Keegan, Scott A. Norman, and Alison Dela Riva, individually and as representatives of a class of participants and beneficiaries of the W.W. Grainger, Inc. Retirement Savings Plan (the "Plan"), filed a class action complaint in the United States District Court for the Northern District of Illinois, Case No. 1:25-cv-05233. Plaintiffs brought this Action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), alleging that W.W. Grainger, Inc. ("Grainger"), the Board of Directors of W.W. Grainger, Inc. (the "Board of Directors"), and the W.W. Grainger, Inc. Profit Sharing Investment Committee (the "Committee," and collectively with Grainger and the Board of Directors, the "Defendants") breached their fiduciary duties, engaged in prohibited transactions, and otherwise violated ERISA with respect to the management, operation, and administration of the Plan. Specifically, Plaintiffs alleged that the Defendants improperly allocated the Plan's forfeitures to offset Grainger's company contributions instead of using them to pay for the reasonable administrative expenses of the Plan. Based on these allegations, the Plaintiffs asserted six causes of action under ERISA, including breaches of fiduciary duty

(Counts I-III, VI) and prohibited transactions (Counts IV-V). Plaintiffs sought to recover all alleged losses to the Plan and other equitable relief.

1.2. On June 26, 2025, the Parties filed a stipulation of dismissal as to the Board of Directors. The stipulation provided that Plaintiffs agreed to voluntarily dismiss the Board of Directors without prejudice and without costs to any party pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and further agreed to forgo naming any individual members of the Board of Directors as a defendant in this lawsuit. On June 30, 2025, the Court dismissed the Board of Directors without prejudice.

1.3. On July 18, 2025, Grainger and the Committee moved to dismiss Plaintiffs' Complaint. Grainger, the Committee, and Plaintiffs fully briefed the matter and also submitted additional supplemental authority for the Court's consideration.

1.4. On January 26, 2026, the Court granted in part and denied in part Grainger and the Committee's motion to dismiss. The Court dismissed with prejudice Plaintiffs' prohibited transactions claims (Counts IV and V), but permitted Plaintiffs' fiduciary breach claims (Counts I-III and VI) to proceed to discovery.

1.5. On March 6, 2026, the Parties asked the Court to stay case proceedings pending settlement negotiations. The Court granted the Parties' request for a stay on March 9, 2026.

1.6. Both before and following the Court's order staying case proceedings, in order to facilitate settlement discussions, the Defendants produced to Plaintiffs over 2,000 pages of documents relating to the Plan's forfeiture amounts and the forfeiture allocation process.

1.7. Following an in-person mediation with an experienced, neutral mediator on July 28, 2026, the Parties reached a settlement in principle on August 4, 2026. The Parties notified the Court of the settlement on August 10, 2026. The terms of the Parties' settlement are memorialized in this Settlement Agreement.

1.8. The Class Representatives and Class Counsel consider it desirable and in the Class Members' best interests that the claims against Defendants be settled on behalf of the Class upon the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in benefits to the Class.

1.9. Defendants deny all liability for the claims made in the Action and maintain that they are without any fault or liability. This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event be construed as, or be deemed to be evidence of, an admission or concession on Defendants' part of any fault or liability whatsoever.

1.10. The Settling Parties have concluded that it is desirable that the Action be finally settled upon the terms and conditions set forth in this Settlement Agreement.

1.11. Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows.

## 2. ARTICLE 2 – DEFINITIONS

As used in this Agreement, unless otherwise defined, the following terms have the meanings specified below:

2.1. "Action" means *Gardner-Keegan, et al. v. W.W. Grainger, Inc., et al.*, Case No. 1:25-cv-05233 (MMR), pending in the United States District Court for the Northern District of Illinois.

2.2. "Active Account" means an individual investment account in the Plan with a balance greater than $0 as of the time of calculation of the Final Entitlement Amount defined in the Plan of Allocation.

2.3. "Settlement Administrative Expenses" means expenses incurred in the administration of this Agreement, including (a) all fees, expenses, and costs associated with providing the Email Settlement Notice, Long Form Settlement Notice, and Short Form Postcard Settlement Notice to Class Members, including the fees of the Plan's Recordkeeper to identify and provide reasonably available names, physical addresses, and e-mail addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described in Section 5.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including the fees of the Plan's Recordkeeper associated with implementing the Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Settlement Administrator and Escrow Agent; (e) all fees and expenses of the Independent Fiduciary; and (f) all fees, expenses, and costs associated with providing CAFA Notices. Settlement Administrative Expenses do not include the Settling Parties' respective attorneys' fees and expenses. Settlement Administrative Expenses shall be paid from the Gross Settlement Amount.

2.4. "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and its exhibits, including any modifications or amendments.

2.5. "Alternate Payee" means a Person other than a participant in the Plan or Beneficiary who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO").

2.6. "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services of Class Counsel. The amount of attorneys' fees for Class Counsel shall not exceed $950,000.00 (one-third of the Gross Settlement Amount) and shall be recovered from the Gross Settlement Amount. Class

Counsel also will seek reimbursement for reasonable litigation costs and expenses they advanced for the Action, not to exceed $60,000.00, which also shall be recovered from the Gross Settlement Amount.

2.7. "Authorized Administrator" means any entity, other than the Recordkeeper, with appropriate administrative authority under the Plan.

2.8. "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan upon the death of a Plan participant, on either a primary or contingent basis, other than an Alternate Payee. A Beneficiary may include, but is not limited to, a spouse, surviving spouse, domestic partner, child, trust, or estate that is currently entitled to a benefit under the terms of the Plan.

2.9. "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

2.10. "CAFA Notice" means notice of the proposed Settlement to the appropriate federal and state officials pursuant to CAFA, to be issued by the Settlement Administrator on behalf of Defendants, substantially in the form set forth in Exhibit F hereto.

2.11. "Case Contribution Awards" means the monetary amount awarded by the Court to each Class Representative in recognition of the Class Representative's assistance in the prosecution of the Action, for which Class Counsel may seek an amount not exceeding $10,000.00 per Class Representative payable from the Gross Settlement Amount. Any Case Contribution Award will be subject to the approval of the Court.

2.12. "Class Counsel" means the law firm of Walcheske & Luzi, LLC.

2.13. "Class Member(s)" or "Settlement Class Member(s)" means all individuals in the Settlement Class, including the Class Representatives.

2.14. "Class Period" means May 12, 2019, through the date of the Preliminary Approval Order.

2.15. "Class Representatives" means Adrianne Gardner-Keegan, Scott A. Norman, and Alison Dela Riva.

2.16. "Complaint" means the Class Action Complaint filed in this Action on May 12, 2025, at ECF No. 1.

2.17. "Court" means the United States District Court for the Northern District of Illinois.

2.18. "Defendants" means Grainger, the Board of Directors, and the Committee.

2.19. "Defense Counsel" means the law firm of Mayer Brown LLP.

2.20. "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.

2.21. "Escrow Agent" means the entity approved by the Settling Parties to act as escrow agent for any portion of the Gross Settlement Amount deposited in or accruing in the Qualified Settlement Fund pursuant to this Settlement Agreement.

2.22. "Final Approval Hearing" means the hearing scheduled by the Court to consider (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Case Contribution Awards; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23(e). The Settling Parties agree that the Final Approval Hearing may be conducted telephonically or via videoconference.

2.23. "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of the judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. Absent an appeal or other attempted Review Proceeding, the period after which the Final Approval Order becomes Final is thirty (30) calendar days after its entry by the Court, as calculated under Fed. R. Civ. P. 6(a).

2.24. "Final Approval Order" means the entry of the order and final judgment approving the Agreement, implementing the terms of this Agreement, and dismissing the Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit E.

2.25. "Former Participant" means a member of the Settlement Class who does not have an Active Account at the time of the calculation of the Final Entitlement Amount defined in the Plan of Allocation.

2.26. "Gross Settlement Amount" means the sum of $2,850,000.00 (two million eight hundred fifty thousand dollars and 00/100), caused to be deposited into the Qualified Settlement Fund in accordance with Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made by or on behalf of Defendants in connection with the Settlement. Neither Defendants nor their insurer(s) will make any additional payment in connection with the Settlement of the Action.

2.27. "Independent Fiduciary" means an independent fiduciary whom Defendants select to serve as a fiduciary to the Plan solely to approve and authorize the settlement of Released Claims on behalf of the Plan in accordance with Section 3.2. The

Independent Fiduciary shall have no affiliation with or interest in any of the Settling Parties.

2.28. "Long Form Settlement Notice" means the notice, identical in all material respects to that attached as Exhibit B, to be made available on the Settlement Website (as defined in Section 2.46).

2.29. "Net Settlement Amount" means the Gross Settlement Amount minus (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards as authorized by the Court; (c) all Settlement Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for (1) Settlement Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Settlement Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors.

2.30. "Person" means an individual, partnership, corporation, governmental entity, or any other form of entity or organization.

2.31. "Plaintiffs" means the Class Representatives.

2.32. "Plan" means the W.W. Grainger, Inc. Retirement Savings Plan, and any predecessor plans including the W.W. Grainger, Inc. Employees Profit Sharing Plan, successor plans, merged and/or acquired plans, individually and collectively, and any trust created under such plans.

2.33. "Plan of Allocation" means the method of allocating settlement funds to Class Members pursuant to Article 6 below. A proposed form of the Plan of Allocation is attached as Exhibit C.

2.34. "Preliminary Approval Order" means the order of the Court in substantially the form attached as Exhibit D, whereby the Court preliminarily approves this Settlement.

2.35. "Protective Order" means the Confidentiality Order based on the Model Confidentiality Order contained in the Local Rules of the United States District Court for the Northern District of Illinois (Form LR 26.2), the terms of which the Parties have agreed to be bound by and are reflected in the attached Exhibit G.

2.36. "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 of the Agreement and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

2.37. "Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

2.38. "Released Claims" means any and all actual or potential claims (including but not limited to claims for any and all forfeitures, losses, damages, interest, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification, reformation, accounting, surcharge, or any other type or nature of legal, equitable, or other remedial relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action, whether arising under federal, state, or local law, whether by statute, regulation, common law, contract, or equity, whether brought directly or indirectly, in an individual or representative capacity, whether accrued or not, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, based in whole or in part on acts or failures to act occurring through the date of the Final Approval Order:

2.38.1. That were asserted in the Action or that arise out of, relate in any way to, are based on, or have any connection with the same factual predicate as the claims in the Action, whether or not pleaded in the Complaint, and are based on conduct occurring from May 12, 2019 through the date of the Final Approval Order; and/or

2.38.2. That arise out of, relate in any way to, are based on, or have any connection with: (i) the treatment, provision, allocation, or use of Plan forfeitures from May 12, 2019 through the date of the Final Approval Order, such as the allocation of Plan forfeitures to offset or reduce employer contributions or to pay or reimburse Plan fees or expenses, or for any other purpose; (ii) the validity, propriety, or lawfulness of those uses of Plan forfeitures; (iii) any Plan sponsor or fiduciary decision relating to the amount of employer contributions to the Plan; (iv) the Plan's fees or expenses, including recordkeeping, administrative, or other expenses, including any Plan sponsor or fiduciary decision relating to whether and to what extent Plan participants pay those fees or expenses; (v) disclosures or failures to disclose information concerning Plan forfeitures, employer contributions, and the Plan fees or expenses; (vi) the management, oversight, or administration of the Plan or its fiduciaries related to any of the foregoing; (vii) any alleged breach of fiduciary duty, prohibited transaction, anti-inurement violation, or other violation of law arising from any of the foregoing; and/or (viii) any monitoring or appointment claim concerning Plan fiduciaries arising from any of the foregoing; provided that all claims described in clauses (i)-(viii) are released only to the extent they arise out of, relate in any way to, are based on, or have any connection with the same factual predicate as the claims in the Action, whether or not pleaded in the Complaint, and are based on conduct occurring from May 12, 2019 through the date of the Final Approval Order; or

2.38.3. That would be barred by the principles of res judicata or collateral estoppel had the claims asserted been fully litigated and resulted in a final judgment; or

2.38.4. That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation; or

2.38.5. That relate to the Settlement Administrator's work or any acts or omissions by the Settlement Administrator in the course of administering the Settlement, unless brought against the Settlement Administrator alone; or

2.38.6. That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone for the work it performs under this Settlement Agreement; or

2.38.7. That relate to any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement.

2.38.8. For the avoidance of doubt, "Released Claims" do not include any claims for vested benefits that may be asserted against the Plan that the Class Representatives or any member of the Settlement Class has or may have arising solely under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to the extent such claims do not relate to the Released Claims defined above.

2.39. "Released Parties" means (a) Defendants, including the Board of Directors and its past and present members; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past and present parents, subsidiaries, affiliates, predecessors, successors, successors-in-interest, assigns, officers, directors, employees, agents, and representatives; and (d) the Plan and its past and present fiduciaries, committees, administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers, and parties-in-interest as of the Settlement Effective Date, in each instance solely in their capacity as such and solely with respect to the Released Claims. Notwithstanding the foregoing, "Released Parties" does not include the Independent Fiduciary retained under this Settlement Agreement.

2.40. "Review Proceeding" has the meaning set forth in Section 2.23.

2.41. "Settlement" means the settlement to be consummated under this Agreement and its exhibits pursuant to the Court's Final Approval Order, including any modifications or amendments adopted pursuant to Section 15.9.

2.42. "Settlement Administrator" means Analytics Consulting LLC, an independent entity selected and retained by Class Counsel to administer the Settlement and Plan of Allocation.

2.43. "Settlement Class" means all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who

participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period.

2.44. "Settlement Agreement Execution Date" means the date on which the final signature is applied to this Settlement Agreement.

2.45. "Settlement Effective Date" means the date on which the Final Approval Order is Final, provided the Settlement has not been terminated in accordance with Article 13.

2.46. "Settlement Website" means the internet website established in accordance with Section 14.2.

2.47. "Settling Parties" or "Parties" means the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members, and Defendants.

2.48. "Email Settlement Notice" means the notice, identical in all material respects to that attached as Exhibit A-1, to be transmitted by email to Settlement Class Members pursuant to Section 3.5 and made available on the Settlement Website.

2.49. "Short Form Postcard Settlement Notice" means the notice, identical in all material respects to that attached as Exhibit A-2, to be delivered to Settlement Class Members pursuant to Section 3.5 and made available on the Settlement Website.

2.50. "Transferor" means Grainger, any successor-in-interest, or its insurer or representative, as that term is defined within the meaning of Treas. Reg. § 1.468B-1(d)(1).

## 3. ARTICLE 3 – CLASS CERTIFICATION, REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY; PRELIMINARY SETTLEMENT APPROVAL; AND NOTICE TO THE CLASS

3.1. Class Certification. For purposes of this Settlement only, the Parties stipulate and agree, subject to Court approval, to (i) the certification of the Action as a class action, pursuant to Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class; (ii) the appointment of Plaintiffs as class representatives for the Settlement Class; and (iii) the appointment of Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Court issues the Final Approval Order. If the Court does not issue the Final Approval Order, then no Class shall be deemed to have been certified by, or as a result of, this Agreement, Defendants shall not be deemed to have admitted the propriety of certification of the Class under any provision of Federal Rule of Civil Procedure 23, and the Action shall

for all purposes revert to its status as of the day before the Settlement Agreement Execution Date.

3.1.1. Because the Class is being certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure, Class Members shall not be permitted to exclude themselves from the Class.

3.2. Independent Fiduciary. The Independent Fiduciary, retained by Defendants after consultation with Class Counsel, shall have the following responsibilities, including determining whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

3.2.1. The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

3.2.2. The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defense Counsel), no later than thirty (30) calendar days before the Final Approval Hearing.

3.2.3. All reasonable and documented fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Settlement Administrative Expenses to be deducted from the Gross Settlement Amount.

3.2.4. Defendants, Defense Counsel, and Class Counsel shall respond to the Independent Fiduciary's reasonable requests for information so the Independent Fiduciary can evaluate the Agreement.

3.2.5. If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within twenty-one (21) calendar days of receipt of the determination.

3.2.6. A copy of the Independent Fiduciary's determination letter and report shall be provided to Class Counsel, who may file it with the Court in support of final approval of the Settlement.

3.3. Preliminary Approval. Unless stipulated by the Parties and an extension is granted by the Court, the Class Representatives, through Class Counsel, shall on or before October 23, 2026 move for preliminary approval of the Settlement and for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D. Defendants will have the opportunity to review and provide input on the

memorandum in support of the motion for preliminary approval prepared by Class Counsel and submitted to the Court. The Preliminary Approval Order to be presented to the Court shall, among other things:

3.3.1. Certify the Settlement Class for settlement purposes under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

3.3.2. Approve the text of the Email Settlement Notice, Long Form Settlement Notice, and Short Form Postcard Settlement Notice, substantially in the forms attached as Exhibits A-1, B, and A-2, respectively, and approve the notice program set forth in Section 3.5;

3.3.3. Cause the Settlement Administrator to transmit the Email Settlement Notice to each Class Member for whom a valid e-mail address is reasonably available and, for any Class Member for whom no valid e-mail address is reasonably available or whose Email Settlement Notice is returned as undeliverable or otherwise results in a delivery-failure notification, send by first-class U.S. mail the Short Form Postcard Settlement Notice in accordance with Section 3.5;

3.3.4. Determine under Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Email Settlement Notice, Short Form Postcard Settlement Notice, Long Form Settlement Notice, and the notice program described in Section 3.5 constitute reasonable and appropriate notice under the circumstances, provide due and sufficient notice of the Final Approval Hearing and of the rights of all Class Members, and comply fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

3.3.5. Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, and/or the Plan;

3.3.6. Set the Final Approval Hearing for a date no sooner than one hundred twenty (120) calendar days after the date the Motion for Preliminary Approval is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Approval Order, and (iii) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Case Contribution Awards, and Settlement Administrative Expenses incurred to date, and a reserve for anticipated future Settlement Administrative Expenses;

3.3.7. Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections

shall be considered, by the Court at the Final Approval Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, an objection and supporting documents must be filed at least thirty (30) calendar days before the scheduled Final Approval Hearing. Any Person wishing to speak at the Final Approval Hearing shall file and serve a notice of intent to participate at least thirty (30) calendar days before the scheduled Final Approval Hearing, or by such other deadline as the Court may set.

3.3.8. Provide that the Settling Parties may serve narrowly tailored discovery requests relevant to an objection, including requests for documents and a deposition not to exceed two (2) hours in length, on an objector, with reasonable deadlines, subject to any limitations or deadlines imposed by the Court;

3.3.9. Provide that any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Final Approval Hearing;

3.3.10. Provide that the Final Approval Hearing may, without further direct notice to the Class, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

3.3.11. Approve the form of the CAFA Notices attached as Exhibit F and order that upon the mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

3.4. Settlement Administrator. Defendants and Defense Counsel shall use reasonable efforts to promptly respond to written requests, including by email, from the Settlement Administrator for readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including the Plan's Recordkeeper, that are necessary to perform such work shall be Settlement Administrative Expenses to be deducted from the Gross Settlement Amount, provided that the charges are supported by customary invoices or other nonprivileged documentation sufficient to identify the nature and amount of the charge and are subject to Class Counsel's reasonable opportunity to review before payment, which review shall not be unreasonably delayed.

3.4.1. The Settlement Administrator must agree to be bound by the Protective Order or any other non-disclosure or security protocol required by the Settling Parties.

3.4.2. The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

3.4.3. At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information relating to the Settlement to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of that information. The Settling Parties shall have the right to approve or reject that written protocol.

3.5. **Settlement Notice.** By the date and in the manner set by the Court in the Preliminary Approval Order, Class Counsel shall cause the Settlement Administrator to provide notice to each Class Member identified by the Settlement Administrator.

**3.5.1. Email Notice.** For each Class Member for whom a valid e-mail address is reasonably available from Defendants, the Plan's Recordkeeper, or other reasonably available records, the Settlement Administrator shall transmit the Email Settlement Notice substantially in the form attached as Exhibit A-1. The Email Settlement Notice shall prominently provide a hyperlink to the Settlement Website and to the Long Form Settlement Notice.

**3.5.2. Postcard Notice.** For each Class Member for whom no valid e-mail address is reasonably available, or whose Email Settlement Notice is returned as undeliverable or otherwise results in a delivery-failure notification, the Settlement Administrator shall send the Short Form Postcard Settlement Notice substantially in the form attached as Exhibit A-2 by first-class U.S. mail to the Class Member's last known physical address. The Short Form Postcard Settlement Notice shall prominently direct the Class Member to the Settlement Website and Long Form Settlement Notice.

**3.5.3. Returned Mail.** If a Short Form Postcard Settlement Notice is returned as undeliverable, the Settlement Administrator shall use commercially reasonable efforts to locate an updated address and shall re-mail the Short Form Postcard Settlement Notice one additional time if an updated address is located.

**3.5.4. Settlement Website.** Class Counsel shall cause the Email Settlement Notice, Short Form Postcard Settlement Notice, and Long Form Settlement Notice to be posted on the Settlement Website, together with the Settlement Agreement, Plan of Allocation, and other materials required by this Agreement or the Preliminary Approval Order.

3.6. CAFA Notice. No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, the Settlement Administrator, on Defendants' behalf and with Defendants' approval, will draft, prepare, and serve the CAFA Notice on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715. The CAFA Notice to be served shall be in the form attached as Exhibit F.

## 4. ARTICLE 4 – FINAL SETTLEMENT APPROVAL

4.1. No later than forty-five (45) calendar days before the Final Approval Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (Exhibit E) in the form mutually agreed upon by Class Counsel and Defense Counsel, which shall request the Court's approval of the Settlement and entry of the Final Approval Order. Defendants will have the opportunity to review and provide input on the memorandum in support of the motion for entry of the Final Approval Order prepared by Class Counsel and submitted to the Court. The Final Approval Order as proposed by the Parties shall provide for the following, among other things as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

4.1.1. Approval of the Settlement of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class, and directing the Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

4.1.2. A determination under Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Email Settlement Notice, Long Form Settlement Notice, and Short Form Postcard Settlement Notice constituted reasonable and appropriate notice under the circumstances, and that due and sufficient notice of the Final Approval Hearing and the rights of all Class Members has been provided;

4.1.3. Except for retention of jurisdiction to enforce the terms of the Settlement Agreement, dismissal with prejudice of the Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

4.1.4. That the Plan and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and

the Released Parties from all Released Claims, and (ii) barred from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

4.1.5. That each Class Member shall release Defendants, Defense Counsel, Class Counsel, the Released Parties, and the Plan for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

4.1.6. That Sections 4.1.4 and 4.1.5 shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Email Settlement Notice, Long Form Settlement Notice, or Short Form Postcard Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

4.1.7. That all applicable CAFA requirements have been satisfied;

4.1.8. That the Settlement Administrator shall have sole and final authority, subject to the Court's continuing jurisdiction and the dispute-resolution provisions of this Settlement Agreement, to determine the share of the Net Settlement Amount to be allocated to each Class Member, including Beneficiaries and Alternate Payees, pursuant to the Plan of Allocation approved by the Court;

4.1.9. That, with respect to any matters that arise concerning the implementation of distributions based on the Plan of Allocation, all questions not resolved by the Settlement Agreement shall be resolved by the Independent Fiduciary pursuant to the applicable law and governing Plan terms, subject to the Court's continuing jurisdiction and the dispute-resolution provisions of this Settlement Agreement;

4.1.10. That the Independent Fiduciary shall not have any liability with respect to any questions it resolves regarding distributions beyond that provided for in applicable law and governing Plan terms; and

4.1.11. That within fourteen (14) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

4.2. The Final Approval Order and judgment entered by the Court approving the Agreement shall provide that upon its entry, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Agreement and the Final Approval Order.

## 5. ARTICLE 5 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

5.1. No later than fourteen (14) calendar days after the Preliminary Approval Order is issued, the Settlement Administrator shall establish the Qualified Settlement Fund with the Escrow Agent. The Qualified Settlement Fund is intended to be, and will be, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely make any elections that are necessary or advisable to carry out the provisions of this Section 5.1. If applicable, the Escrow Agent (as the "administrator" pursuant to Section 5.2) and the Transferor shall fully cooperate in filing the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) to treat the Qualified Settlement Fund as coming into existence as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1 as of the earliest permitted date. Such elections shall comply with the procedures and requirements in those regulations. The Settlement Administrator shall prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties and thereafter cause the appropriate filing to be timely made.

5.2. The "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3) shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed on behalf of the Qualified Settlement Fund all informational and other tax returns required by Treas. Reg. §§ 1.468B-2(k) and -2(l) with respect to the Gross Settlement Amount (including applying for a taxpayer identification number for the Qualified Settlement Fund pursuant to Internal Revenue Service Form SS-4 and in accordance with Treas. Reg. § 1.468B-2(k)(4)). These returns as well as any election described in Section 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all

taxes (including any estimated taxes, interest, or penalties) on the income earned by the Qualified Settlement Fund shall be deducted and paid from the Gross Settlement Amount as provided in Section 5.3.

5.3. Taxes and tax expenses are Settlement Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Settlement Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Gross Settlement Amount. The Settlement Administrator shall ensure compliance with withholding and reporting requirements in accordance with Treas. Reg. § 1.468B-2(l) and shall be obligated (notwithstanding anything in the Agreement to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses. Neither the Released Parties, Defense Counsel, nor Class Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Qualified Settlement Fund. The Settling Parties agree to cooperate with the Settlement Administrator, Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4. Within thirty (30) calendar days after the later of (a) the entry of the Preliminary Approval Order, or (b) the date the Qualified Settlement Fund is established and the Escrow Agent or Settlement Administrator (or Class Counsel) has furnished to Defendants and/or Defense Counsel in writing the Qualified Settlement Fund name, IRS W-9 Form, and all necessary wiring instructions, the Transferor shall deposit One Hundred Thousand Dollars and 00/100 ($100,000.00) into the Qualified Settlement Fund.

5.5. Within twenty-one (21) calendar days after the Settlement Effective Date, the Transferor shall deposit the remainder of the Gross Settlement Amount, which is Two Million Seven Hundred Fifty Thousand Dollars and 00/100 ($2,750,000.00), into the Qualified Settlement Fund. However, the Transferor is not obligated to deposit the remainder of the Gross Settlement Amount until the Escrow Agent or Settlement Administrator provides to Defendants the Qualified Settlement Fund name, IRS W-9 Form, and all necessary wiring instructions.

5.6. The Settlement Administrator shall, at the written direction of Class Counsel, cause the Escrow Agent to invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or one of its agencies, or fully insured by the United States Government or one of its agencies, and shall cause the Escrow Agent to reinvest the proceeds of these investments as they

mature in similar instruments at their then-current market rates. All risks related to the investment of the Qualified Settlement Fund shall be borne by the Qualified Settlement Fund.

5.7. The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion of it from the Qualified Settlement Fund except as provided in this Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Settlement Administrator is authorized to execute transactions that are consistent with the terms of this Agreement.

5.8. The Settlement Administrator shall be solely responsible for providing for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

5.9. No later than February 15 of the year following the calendar year in which Defendants or their agents make any transfer to the Qualified Settlement Fund pursuant to this Article 5, Defendants or their agents shall timely furnish a statement to the Settlement Administrator that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax return filed for the taxable year in which Defendants or their agents make a transfer to the Qualified Settlement Fund.

## 6. ARTICLE 6 – PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND

6.1. Disbursements from Qualified Settlement Fund before the Settlement Effective Date. Class Counsel, subject to the approval of Defendants (which shall not be unreasonably withheld), shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

6.1.1. <u>Settlement Notice Expenses</u>. After entry of the Preliminary Approval Order, the Escrow Agent shall be directed in writing to disburse from the Qualified Settlement Fund an amount sufficient for the reasonable costs of the Settlement notice program, including the Email Settlement Notice, Long Form Settlement Notice, and Short Form Postcard Settlement Notice. Class Counsel has selected the Settlement Administrator to assist with notice to the Class, and Defendants have not objected to this selection. The Settlement Administrator shall abide by the Protective Order or other non-disclosure or security protocol required by the Settling Parties to protect information relating to the Settlement. Any costs, expenses, or fees incurred in connection with the administration of this Settlement shall be paid out of the Qualified Settlement Fund.

6.1.2. For taxes and expenses of the Qualified Settlement Fund as provided in Section 5.3.

6.1.3. For fees and expenses of the Independent Fiduciary. The Escrow Agent shall be directed to disburse money from the Qualified Settlement Fund to pay the reasonable costs, fees, and expenses of the Independent Fiduciary. To the extent Defendants pay any costs, fees, or expenses to the Independent Fiduciary before proceeds from the Qualified Settlement Fund are available for distribution, the Escrow Agent shall be directed to reimburse Defendants for those amounts.

6.1.4. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement.

6.1.5. For costs and expenses incurred by the Recordkeeper (or Authorized Administrator) in implementing this Settlement. To the extent Defendants pay these costs, they will have the right to recover any sums paid from the Qualified Settlement Fund.

6.2. Following the payment of the second installment of the Gross Settlement Amount as set forth in Section 5.5, Class Counsel shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

6.2.1. For Attorneys' Fees and Costs, as approved by the Court, within twenty-eight (28) calendar days of the Settlement Effective Date. The Court's failure to approve in whole or in part any application for Attorneys' Fees and Costs sought by Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Settlement. If the Agreement does not become effective, or the judgment or the order making the fee and cost award is reversed or modified, or the Agreement is canceled or terminated for any other reason, and the reversal, modification, cancellation, or termination becomes Final and not subject to review, and if the fee and cost award has been paid to any extent, then Class Counsel with respect to the entire fee and cost award shall, within thirty (30) calendar days from receiving notice from Defense Counsel or from a court of appropriate jurisdiction, refund to the Qualified Settlement Fund the fees and expenses previously paid to it from the Qualified Settlement Fund plus interest at the same rate earned on the Qualified Settlement Fund in an amount consistent with such reversal or modification.

6.2.2. For Class Representatives' Case Contribution Awards, as approved by the Court, no later than twenty-eight (28) calendar days following the Settlement Effective Date.

6.2.3. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement that

were not previously paid and which fall within the terms of this Agreement.

6.2.4. For costs and expenses incurred by the Recordkeeper (or Authorized Administrator) in implementing this Settlement that were not previously paid and which fall within the terms of this Agreement. To the extent Defendants pay these costs, they will have the right to recover any sums paid from the Qualified Settlement Fund.

6.2.5. The Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

6.3. Implementation of the Plan of Allocation. With its motion for preliminary approval of the Settlement Agreement, Class Counsel shall propose to the Court a Plan of Allocation, in substantial conformity to the one attached as Exhibit C, after reasonable consultation with Defendants concerning any issues that implicate Defendants' fiduciary responsibilities and subject to approval by the Court, which shall provide for the calculation, allocation, and distribution of the Net Settlement Amount. The Settlement Administrator shall be exclusively responsible and liable for calculating the amounts payable to Class Members pursuant to the Plan of Allocation. Upon the Settlement Effective Date, and after the amounts payable pursuant to Sections 6.1 and 6.2 have been disbursed or, in the case of estimated future expenses, set aside and withheld, Class Counsel shall direct the Escrow Agent to disburse the Net Settlement Amount as provided by this Agreement and the Plan of Allocation within ninety (90) calendar days following the Settlement Effective Date. The Recordkeeper or an Authorized Administrator shall allocate to the Active Accounts of Current Participants, and of Beneficiaries and Alternate Payees with Active Accounts, any Net Settlement Amount as calculated by the Settlement Administrator according to the Plan of Allocation, except that any such person whose Plan account closes after the calculation of the Final Entitlement Amount and before payment shall be paid by check as provided in the Plan of Allocation. Class Counsel shall direct the Settlement Administrator to provide to the Recordkeeper or Authorized Administrator the calculations made under the Plan of Allocation as promptly as possible after deposit of the Net Settlement Amount into the Plan, and no later than ten (10) business days before the date of distribution of the applicable portion of the Net Settlement Amount. The Settlement Administrator shall be responsible for distributing by check the Net Settlement Amount allocated to Former Participants, to Beneficiaries and Alternate Payees without Active Accounts, and to Current Participants whose accounts close after calculation, as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to those persons. The Defendants shall have no responsibility or liability related to the structure or taxability of any allocations made from the Net Settlement Amount pursuant to this Agreement. Defendants shall have no responsibility or liability for the Plan of

Allocation and shall take no position for or against the Plan of Allocation, except that Defendants may raise with Class Counsel or the Court a good-faith concern that a provision would cause a violation of ERISA or the governing Plan documents.

6.4. The Net Settlement Amount distributed pursuant to the Plan of Allocation is intended to constitute "restorative payments" within the meaning of Revenue Ruling 2002-45, to the extent applicable.

6.5. Final List of Class Members. Prior to the disbursement of the Net Settlement Amount to the Plan, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. The list shall be treated as final for purposes of distribution, subject to correction of manifest, clerical, or data errors identified before completion of distributions. Only persons on the final list, or corrected final list, if applicable, or their Beneficiaries or Alternate Payees shall be eligible to receive any recovery from the Settlement.

6.6. After expiration of any checks issued in the initial distribution and reconciliation of reasonably anticipated costs, taxes, and other outstanding obligations, any undistributed or uncashed amounts, unused contingency reserves, and remaining net investment earnings shall, if the Settlement Administrator, after consultation with Class Counsel, reasonably determines that a further distribution is economically feasible, taking into account the amount available for redistribution, the anticipated per-recipient payment, and the cost of making the redistribution, be redistributed pro rata to Class Members who received an initial distribution. After all distributions of payments to Class Members have been completed and no sooner than fourteen (14) calendar days after the expiration of any checks issued, any residual Net Settlement Amount for which a further distribution is not economically feasible shall be paid to the Plan solely for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to Plan participants. Once payment is complete, notice shall be promptly sent to Class Counsel and Defense Counsel.

## 7. ARTICLE 7 – ATTORNEYS' FEES AND EXPENSES

7.1. Application for Attorneys' Fees and Expenses and Class Representatives' Case Contribution Awards. Class Counsel intends to seek attorneys' fees consisting of up to one-third (33 1/3%) of the Gross Settlement Amount, in an amount not to exceed $950,000.00. Class Counsel also intends to seek reasonable litigation costs and expenses advanced by Class Counsel during the Action, in an amount not to exceed $60,000.00, which shall be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Case Contribution Awards in an amount not to exceed $10,000.00 each, which shall be recovered from the Gross Settlement Amount.

7.2. Class Counsel will file a motion for an award of Attorneys' Fees and Costs no later than the deadline set by the Court in the Preliminary Approval Order.

## 8. ARTICLE 8 – RELEASE AND COVENANT NOT TO SUE

8.1. As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 3.2) and each of the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties of and from all Released Claims, even if the Class Member discovers facts in addition to or different from those which the Class Member or Class Counsel now knows or believes to be true with respect to the Action and the Released Claims. This release will be effective whether or not each Class Member receives a monetary benefit from the Settlement, whether or not each Class Member actually receives the Email Settlement Notice, Long Form Settlement Notice, or Short Form Postcard Settlement Notice, and whether or not Class Members objected to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs.

8.2. As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 3.2) and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, expressly agree that they, acting individually or together, or in combination with others, shall not, directly or indirectly, sue or seek to file, initiate, institute, maintain, prosecute, argue, or assert in any action or proceeding (including, but not limited to, an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission) any cause of action, demand, or claim (including, but not limited to, third party claims, crossclaims, or counterclaims) on the basis of, connected with, or arising out of any of the Released Claims. Nothing in this Agreement shall preclude any action to enforce the terms of this Agreement in accordance with the procedures set forth in the Agreement. No Released Party shall be subject to liability or expense of any kind to any Class Member or their respective counsel related to the Released Claims except as provided in this Agreement.

8.3. Class Counsel, the Class Representatives, Class Members, or the Plan may later discover facts in addition to or different from those they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Nevertheless, each Class Member and the Plan shall expressly, upon the Settlement Effective Date, be deemed to have, and, by operation of the Final Approval Order, shall have fully, finally, and

forever settled, released, relinquished, waived, and discharged all Released Claims. The Class Representatives, Class Members, and the Plan acknowledge and shall be deemed by operation of the Final Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key and material element of the Settlement embodied in this Agreement of which this release is a part.

8.4. Each Class Representative, each Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon the Settlement Effective Date, the Class Members shall be conclusively deemed to, and by operation of the Final Approval Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives, Class Members, and the Plan shall, upon the Settlement Effective Date, with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law of any State or territory in the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

8.5. Each Class Representative hereby agrees that the Class Representative will not voluntarily counsel, assist, encourage, or cooperate with any individual or entity, or their attorneys, in the investigation, initiation, or prosecution of any claim, lawsuit, action, or class action against the Released Parties concerning the Released Claims, unless compelled to do so by a valid subpoena, court order, or operation of law. Notwithstanding the foregoing, this provision does not prohibit a Class Representative from voluntarily providing truthful communications to government agencies, or from voluntarily providing truthful communications to other attorneys to assist with the investigation, initiation, or prosecution of any claim, lawsuit, action, or class action against the Released Parties provided that any such claim, lawsuit, action, or class action does not fall within the scope of the Released Claims. For the avoidance of doubt, the provision of truthful communications in accordance with this Section is not a violation of Section 8.2.

8.6. Dismissal With Prejudice. The Action and all Released Claims shall be dismissed with prejudice.

8.7. No Impact on Prior Releases. The release of the Released Claims shall not invalidate or impair any prior release of claims by any Class Members against any of the Released Parties.

## 9. ARTICLE 9 – COVENANTS

The Settling Parties covenant and agree as follows:

9.1. Taxation. Plaintiffs acknowledge that the Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that the Plaintiffs or Class Counsel receive from the Gross Settlement Amount. Plaintiffs further acknowledge that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund. Nothing in this Agreement shall constitute an admission or representation that any such taxes will or will not be due.

9.2. Cooperation. Defendants and Defense Counsel shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information as specified below in this section to identify Class Members and to implement the Plan of Allocation.

9.2.1. Defendants or Defense Counsel shall coordinate with the Recordkeeper to provide to the Settlement Administrator and/or Class Counsel after entry of the Preliminary Approval Order: (1) the names, last known addresses, and e-mail addresses (to the extent available) of Class Members, as compiled from reasonably accessible electronic records maintained by the Recordkeeper; (2) the Social Security numbers of Class Members to enable the Settlement Administrator to perform a National Change of Address search to update out-of-date addresses; and (3) the Plan's participant data reasonably necessary to perform calculations pursuant to the Plan of Allocation, specifically, quarterly account balances of Class Members for the period from April 2019 through the month of the Preliminary Approval Order, and, if quarterly balances are unavailable, year-end balances and other reasonably available account records, to be used under a consistent fallback protocol disclosed to Class Counsel and Defense Counsel before calculations are finalized; and records reasonably necessary to identify Beneficiary and Alternate Payee entitlements and avoid duplicative counting. With respect to the Plan of Allocation data, the Plan's Recordkeeper shall take commercially reasonable steps to ensure the data provided are complete as they exist in the Recordkeeper's systems. Neither Plaintiffs, Class Counsel, Defendants, nor Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeeper pursuant to this Section. Defendants and the Recordkeeper shall use commercially reasonable efforts to correct any material data error identified and made specifically known to

Defendants and the Recordkeeper before completion of the Settlement distributions, and nothing in this Section excuses a failure to correct a known material error after notice.

9.2.2. The Settlement Administrator shall use the information provided through this Section to compile a preliminary list of Class Members for purposes of sending notice to the Class and calculating payments pursuant to the Plan of Allocation.

9.2.3. Class Counsel and their agents will use any information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 9.2 solely for the purpose of providing notice and administering this Settlement, and will take reasonable and necessary steps as required by law and in accordance with the Protective Order to maintain the security and confidentiality of this information.

9.3. The Settling Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation, and shall not do anything or take any position inconsistent with obtaining a prompt Final Approval Order approving the Settlement unless expressly permitted by this Agreement. The Settling Parties shall suspend any and all efforts to prosecute and to defend the Action pending entry of the Final Approval Order or termination of the Agreement.

## 10. ARTICLE 10 – REPRESENTATION AND WARRANTIES

10.1. Settling Parties' Representations and Warranties. The Settling Parties represent and warrant as follows, and each Settling Party acknowledges that each other Settling Party is relying on these representations and warranties in entering into this Agreement:

10.1.1. That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Agreement as a result of arm's length negotiations; that in executing this Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, about the nature, extent, and duration of their rights and claims and about all matters relating to the subject matter of this Agreement; and that, except as provided in this Agreement, they have not been influenced to any extent whatsoever in executing this Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party. Each Settling Party assumes the risk of mistake as to facts or law. Each Settling Party further recognizes that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

10.1.2. That they have read the contents of this Agreement, and this Agreement is signed freely by each Person executing it on behalf of each of the Settling Parties. Each Settling Party further represents and warrants to the others that the Settling Party has investigated the facts pertaining to the Settlement and this Agreement to the extent the Settling Party deems necessary.

10.2. Signatories' Representations and Warranties. Each Person executing this Agreement on behalf of any other Person personally represents and warrants to the other Settling Parties that the Person has the authority to execute this Agreement on behalf of, and fully bind, each principal that the Person represents or purports to represent.

## 11. ARTICLE 11 – NO ADMISSIONS

11.1. The Settling Parties understand and agree that this Agreement embodies a compromise of disputed claims, and, whether approved or not approved, nothing in this Agreement, nor any document, appendix, or instrument delivered pursuant to this Agreement, including the furnishing of consideration as described in the Agreement, shall be deemed to constitute any finding, admission, or suggestion, or give rise to any inference, in this or any other proceeding (i) of the truth of any of the allegations contained in the Complaint, (ii) of any wrongdoing or admission of wrongdoing or liability by any Defendant, or (iii) that any particular party had a fiduciary status under ERISA.

11.2. Defendants specifically deny any liability or wrongdoing and state that they are entering into this Agreement to eliminate the burden and expense of further litigation. Further, the Class Representatives, while believing that the claims brought in the Action have merit, have concluded that the terms of this Agreement are fair, reasonable, and adequate to the Plan, themselves, and members of the Settlement Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA litigation. Neither the fact nor the terms of this Agreement shall be used or offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement or proceedings arising out of or relating to the Final Approval Order.

## 12. ARTICLE 12 – CONDITIONS TO FINALITY OF SETTLEMENT

This Settlement shall be contingent upon each of the following conditions in this Article 12 being satisfied. The Settling Parties agree that if any of these conditions are not satisfied, then this Agreement is terminated (subject to Defendants' right to waive the condition set forth in Section 12.4) and the Action will, for all purposes with respect to the Settling Parties, revert to its status as of the day before the Settlement Agreement Execution Date. If that happens, Defendants will not be deemed to have consented to the class certification order referenced in Section 12.1, the agreements and stipulations in this Agreement concerning the class definition or class certification shall not be used as evidence or argument to support class certification in

the Court or in any appellate proceedings, and Defendants will retain all rights with respect to challenging class certification.

12.1. Court Approval and Class Certification for Settlement Purposes. The Court shall have granted certification of the Settlement Class for settlement purposes, the Settlement shall have been approved by the Court, the Court shall have entered the Final Approval Order substantially in the form attached as Exhibit E, and the Settlement Effective Date shall have occurred.

12.2. Finality of Settlement. The Settlement shall have become Final.

12.3. Resolution of CAFA Objections (If Any). If any government officials object to and request modifications to the Settlement, the Class Representatives and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome or resolve any objections and requested modifications. If any objections or requested modifications are not overcome or resolved, Defendants shall have the right to terminate the Agreement pursuant to Article 13 only if the unresolved objection or requested modification would have an adverse effect on Defendants or the Settlement.

12.4. Settlement Authorized by Independent Fiduciary. At least thirty (30) calendar days before the Final Approval Hearing, the Independent Fiduciary shall have approved and authorized the Settlement in writing, and shall have given a release to all of the Released Parties in its capacity as fiduciary of the Plan for and on behalf of the Plan in accordance with PTE 2003-39. If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plan, then Defendants shall have the option to waive this condition within twenty-one (21) calendar days after the Settling Parties' receipt of the Independent Fiduciary's written determination.

## 13. ARTICLE 13 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

13.1. The Agreement shall terminate and thereby become null and void with no further force or effect if:

13.1.1. Under Section 3.2, (a) either the Independent Fiduciary does not approve the Agreement or disapproves the Agreement for any reason, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39; and (c) Defendants do not exercise their option to waive this condition as provided in Section 12.4;

13.1.2. The Preliminary Approval Order or the Final Approval Order is not entered by the Court in substantially the form submitted by the Settling Parties, and the Court's proposed modification would have an adverse effect on a Settling Party, and the Settling Parties do not agree to a reasonable modification that preserves the material terms of the Settlement;

13.1.3. The Settlement Class is not maintained substantially as defined in this Agreement, the change would have an adverse effect on a Settling Party, and the Settling Parties do not otherwise agree to the change;

13.1.4. This Agreement is disapproved by the Court or fails to become effective, and the Settling Parties, after good-faith efforts, do not agree to modify the Agreement to obtain the Court's approval or otherwise effectuate the Settlement without materially altering its essential terms; or

13.1.5. The Preliminary Approval Order or Final Approval Order is finally reversed or materially modified on appeal, the modification has an adverse effect on a Settling Party, and the Settling Parties do not agree to the modification.

13.2. If the Agreement is terminated, deemed null and void, or has no further force or effect, the Action shall revert to its status as though the Settling Parties never executed the Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned on them, shall be returned to Defendants, their representatives, or their insurer(s) within thirty (30) calendar days after the Agreement is terminated or deemed null and void, except as provided in Section 13.3.

13.3. If the Agreement is terminated, reasonable and documented Settlement Administrative Expenses incurred or irrevocably committed before termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. No reasonably avoidable charge for services performed after termination shall be included, and the Settling Parties shall use reasonable efforts to cancel outstanding commitments and mitigate expenses. Settlement Administrative Expenses qualifying under this Section in excess of the interest earned on the Qualified Settlement Fund ("Excess Settlement Administrative Expenses") shall be paid as follows:

13.3.1. If Defendants voluntarily withdraw from the Agreement without contractual cause, materially breach the Agreement so as to cause its termination, or commit fraud, gross negligence, or willful misconduct that causes its termination, then Defendants shall pay all Excess Settlement Administrative Expenses;

13.3.2. If Plaintiffs voluntarily withdraw from the Agreement without contractual cause, materially breach the Agreement so as to cause its

termination, or commit fraud, gross negligence, or willful misconduct that causes its termination, then Class Counsel shall pay all Excess Settlement Administrative Expenses; and

13.3.3. In all other circumstances, including termination resulting from an event described in Section 13.1, Class Counsel shall pay the lesser of one-half of the Excess Settlement Administrative Expenses or $100,000, and Defendants shall pay the balance. Exercising a contractual termination right, including following court action, Independent Fiduciary disapproval, or the other side's breach, shall not by itself constitute voluntary withdrawal without contractual cause. Where a material breach, fraud, gross negligence, or willful misconduct causes termination, responsibility shall turn on that cause under Sections 13.3.1 and 13.3.2, rather than on which side gives notice of termination. Any dispute concerning the application of this Section shall be resolved by the Court.

13.3.4. No individual Class Representative shall have personal liability for any Settlement Administrative Expenses.

13.4. It shall not be deemed a failure to approve the Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards. Any appeals of such orders shall also not constitute grounds for cancellation or termination of the Agreement.

13.5. For the purposes of this Agreement, no order of the Court, or modifications or reversal on appeal of any order of the Court, solely concerning the administration of the Settlement or the persons performing such administrative functions, shall constitute grounds for cancellation or termination of the Agreement.

## 14. ARTICLE 14 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS

14.1. Except as explicitly set forth below, the Settling Parties, Class Counsel, and Defense Counsel shall maintain the confidentiality of non-public mediation and pre-mediation settlement negotiation communications, positions, assertions, and offers. Nothing in this Article prevents (i) Class Counsel from communicating with the Class Representatives or Class Members as reasonably necessary to obtain approval of, explain, or administer the Settlement, provided that non-public mediation and pre-mediation settlement negotiation communications, positions, assertions, and offers are not further disseminated; (ii) the Settling Parties or their counsel from disclosing such information to the Independent Fiduciary or to their tax, legal, regulatory, accounting, insurance, or other professional advisors as reasonably necessary in connection with the Settlement, provided that such recipients are subject to professional, contractual, statutory, or other

confidentiality obligations; or (iii) disclosures otherwise permitted by this Article or required by law.

14.2. The Settlement Administrator, at the direction of Class Counsel, will establish a Settlement Website on which it will post the following documents or links to the following documents following the date of the Preliminary Approval Order: the Complaint, Settlement Agreement and its Exhibits, Email Settlement Notice, Long Form Settlement Notice, Short Form Postcard Settlement Notice, Plaintiffs' Motion for Attorneys' Fees and Costs and Class Representative Case Contribution Awards, Plaintiffs' Motion for Final Approval of the Settlement, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties. The Settlement Administrator will take down the Settlement Website ninety (90) calendar days after it sends notice to Class Counsel and Defense Counsel that it has completed all aspects of the Plan of Allocation.

14.3. Class Representatives, Class Counsel, officers of Grainger and members of the Board of Directors and the Committee, and Defense Counsel agree that they will not knowingly make any materially false statement regarding the Action or the Settlement about another Settling Party. Nothing in this Section restricts truthful statements concerning the public record, the allegations and defenses in the Action, the terms of the Settlement after they become public, communications reasonably necessary to obtain Court approval or administer the Settlement, professional or academic commentary that does not disclose confidential mediation communications, positions, assertions, and offers, statements pursuant to valid legal process, responses to regulatory inquiries, or statements otherwise required by law.

14.4. Before the motion for preliminary approval is filed, Class Representatives, Class Counsel, Defendants, and Defense Counsel agree not to issue a press release or affirmatively contact media sources to publicize the Settlement, except as required by law. After the motion for preliminary approval is filed and the Settlement becomes public, nothing in this Agreement prohibits truthful public statements concerning the Settlement, subject to Section 14.3.

14.5. Before the motion for preliminary approval is filed, Class Representatives, Class Counsel, Defendants, and Defense Counsel agree not to publicly disclose the terms of the Settlement, except as reasonably necessary to communicate with the Class Representatives, administer the Settlement, obtain professional advice, comply with valid legal process or a regulatory inquiry, or satisfy applicable disclosure requirements or law.

## 15. ARTICLE 15 – GENERAL PROVISIONS

15.1. The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to do anything reasonably necessary to effectuate preliminary and final approval

and the implementation of this Agreement. The Settling Parties agree to provide each other with copies of draft filings necessary to effectuate this Settlement reasonably in advance of filing.

15.2. Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for or liability with respect to any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

15.3. The Released Parties shall not have any responsibility for or liability with respect to the Plan of Allocation, including the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

15.4. The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation about the tax consequences of any of the payments described in the Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

15.5. Each Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for any federal, state, or local taxes lawfully due from that Class Member as a result of the payment received. Nothing in this Agreement requires a Class Member to indemnify any Released Party, Defense Counsel, Class Counsel, or the Settlement Administrator for taxes, penalties, interest, fees, or costs that are not legally the responsibility of that Class Member.

15.6. Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of the Class Representatives and Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever

action they deem appropriate, or to refrain from taking any such action, in response to such request.

15.7. This Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent federal law does not govern, Illinois law.

15.8. The Settling Parties agree solely for purposes of this Action that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Agreement. Any motion or action to enforce this Agreement, including by way of injunction, may be filed in the U.S. District Court for the Northern District of Illinois, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Agreement.

15.9. Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, the Agreement may be modified or amended only if the modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves the modification or amendment in writing. Following entry of the Preliminary Approval Order, the Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and by the Court.

15.10. The provisions of this Agreement may be waived only in a writing executed by the waiving party. The waiver of any breach of this Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or a waiver by any other party.

15.11. Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement, that the Settling Party will in good faith execute and deliver documents and take actions reasonably necessary to effectuate this Agreement.

15.12. All of the attached exhibits are incorporated by reference. The exhibits shall be: Exhibit A-1 – Email Settlement Notice; Exhibit A-2 – Short Form Postcard Settlement Notice; Exhibit B – Long Form Settlement Notice; Exhibit C – Plan of Allocation; Exhibit D – Proposed Preliminary Approval Order; Exhibit E – Proposed Final Approval Order; Exhibit F – CAFA Notice; and Exhibit G – Protective Order.

15.13. No provision of the Agreement or its exhibits shall be construed against or interpreted to the disadvantage of any party to the Agreement because that party is deemed to have drafted or requested the provision.

15.14. Principles of Interpretation. The following principles of interpretation apply to this Agreement:

15.14.1. Headings. Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Sections they caption.

15.14.2. Singular and Plural. Definitions apply to the singular and plural forms of each defined term.

15.14.3. Gender. Definitions apply regardless of and equally to any gender of each defined term.

15.14.4. References to a Person. References to a Person are also to the Person's permitted successors and assigns, except as otherwise provided in this Agreement.

15.14.5. Terms of Inclusion. Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

15.15. The provisions of this Settlement Agreement are not severable.

15.16. Survival. All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Agreement are contained in this Agreement. No Party is relying on any oral representations or oral agreements. All covenants, representations, and warranties in this Agreement shall be deemed continuing and shall survive the Settlement Effective Date.

15.17. Notices. Any notice, demand, or other communication under this Agreement (other than the Email Settlement Notice, Long Form Settlement Notice, Short Form Postcard Settlement Notice, CAFA Notice, or other notices given at the direction of the Court) shall be in writing and shall be addressed as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail:

IF TO PLAINTIFFS AND CLASS COUNSEL:

Paul M. Secunda
WALCHESKE & LUZI, LLC
1200 N. Mayfair Road, Suite 270
Wauwatosa, WI 53226
(414) 828-2372
psecunda@walcheskeluzi.com

IF TO DEFENDANTS:

Richard E. Nowak
Elaine Liu
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
rnowak@mayerbrown.com
eliu@mayerbrown.com

Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

15.18. Entire Agreement. This Agreement and the attached exhibits constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Agreement. This Agreement supersedes any settlement terms or settlement agreements that were previously agreed upon, orally or in writing, by any of the Settling Parties in connection with this Action.

15.19. Counterparts. The Agreement may be executed by exchange of executed signature pages, and any signature transmitted on an electronic signature platform or by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement. The Agreement may be executed in counterparts, and each counterpart shall for all purposes be deemed an original, and all counterparts shall together constitute the same instrument.

15.20. Binding Effect. This Agreement binds and inures to the benefit of the Settling Parties and their assigns, heirs, administrators, executors, and successors.

15.21. Dispute Resolution. If a dispute arises about compliance with this Agreement after it has been approved and executed, the Settling Parties shall first meet and confer in good faith. If the dispute is not resolved, the Settling Parties may agree to mediate before a mutually acceptable neutral before seeking relief from the Court. Unless otherwise agreed or ordered by the Court, each side shall bear its own attorneys' fees and costs of any mediation, and the mediator's fee shall be shared equally between Defendants and Class Counsel; no individual Class Representative shall have personal liability for mediation costs. If the dispute is not resolved through mediation, any Settling Party may request that the Court resolve the dispute.

15.22. Extensions of Time. The Settling Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Agreement.

15.23. Communication with Participants. Nothing in this Agreement or the Settlement shall prevent Defendants from communicating with current or former participants of the Plan in the ordinary course of Plan administration. Any communication concerning the Settlement, Released Claims, or rights of Settlement Class Members shall be accurate, non-misleading, consistent with the Court-approved notices and orders, and shall not discourage participation in or interfere with administration of the Settlement.

15.24. Destruction/Return of Confidential Information. Within thirty (30) calendar days following the Settlement Administrator's completion of all aspects of the Plan of Allocation, the Settlement Administrator, Class Representatives, and Class Counsel shall comply with the Protective Order with respect to (i) materials designated as Confidential prior to the entry of the Protective Order and (ii) materials produced by Defendants during informal settlement discovery pursuant to the parties' agreement that such materials would be treated as confidential, which materials shall be deemed Confidential for purposes of this Section and the Protective Order. Class Counsel may retain archival copies of pleadings, court filings, correspondence, attorney work product, and materials reasonably necessary to comply with professional-responsibility, record-retention, tax, or insurance obligations, subject to the continuing confidentiality requirements of the Protective Order. The preliminary and final lists of Class Members shall be deemed Confidential under the Protective Order. Any post-production confidentiality designation of other materials shall be made in good faith and in accordance with the Protective Order and shall not apply to materials already in the public record.

The Settling Parties have executed this Agreement on the dates set forth below.

Date: October 22, 2026

On Behalf of Plaintiffs, Individually and as Representatives of the Settlement Class:

*Paul M. Secunda*

WALCHESKE & LUZI, LLC
Paul M. Secunda
1200 N. Mayfair Road, Suite 270
Wauwatosa, WI 53226
(414) 828-2372
psecunda@walcheskeluzi.com

*Counsel for Plaintiffs*

Date: October 23, 2026

On Behalf of Defendants W.W. Grainger, Inc., the Board of Directors of W.W. Grainger, Inc., and the W.W. Grainger, Inc. Profit Sharing Investment Committee:

MAYER BROWN LLP
Richard E. Nowak
Elaine Liu
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
rnowak@mayerbrown.com
eliu@mayerbrown.com

*Counsel for Defendants*

# Exhibit A-1

# COURT-ORDERED EMAIL NOTICE

***Gardner-Keegan, et al. v. W.W. Grainger, Inc., et al.***
**Case No. 1:25-cv-05233 (N.D. Ill.)**

| | |
|---|---|
| **FROM:** | Analytics Consulting LLC |
| **SUBJECT:** | Court-Ordered Notice: Proposed $2.85 Million Settlement of W.W. Grainger 401(k) Plan Class Action |

You are receiving this Court-ordered notice because records of the W.W. Grainger, Inc. Retirement Savings Plan (the "Plan") indicate that you may be a member of a proposed Settlement Class. **Please read this notice carefully. Your legal rights may be affected.**

**Who is included?** The Settlement Class includes all persons who participated in the Plan at any time from May 12, 2019 through [PRELIMINARY APPROVAL DATE], inclusive, including any Beneficiary of a deceased person who participated during that period and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated during that period.

**What is the lawsuit about?** Plaintiffs allege that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the use of Plan forfeitures, including by using forfeitures to offset Grainger employer contributions instead of first using them to pay reasonable administrative expenses of the Plan. Defendants deny the allegations and deny any wrongdoing or liability. The Court previously granted in part and denied in part Defendants' motion to dismiss and permitted Plaintiffs' fiduciary-breach claims to proceed.

**What does the Settlement provide?** Defendants have agreed to pay $2,850,000.00 (the "Gross Settlement Amount") into a Settlement Fund. After Court-approved attorneys' fees and litigation expenses, Settlement Administrative Expenses (including taxes and tax-related expenses), any Case Contribution Awards, and a contingency reserve, the Net Settlement Amount will be distributed to eligible Class Members under the Court-approved Plan of Allocation. No claim form is required. Eligible Class Members with an Active Account when Final Entitlement Amounts are calculated generally will receive an allocation to that account; eligible Class Members without an Active Account generally will receive a check. If an account closes before payment, payment will be made by check. See the Long Form Notice and Plan of Allocation for eligibility and minimum-payment rules.

**Attorneys' fees and Class Representative awards.** Class Counsel intends to request attorneys' fees of up to $950,000.00 (one-third of the Gross Settlement Amount), reimbursement of litigation expenses not to exceed $60,000.00, and Case Contribution Awards of up to $10,000.00 for each of the three Class Representatives. The Court will decide the amounts, if any, to award.

**IMPORTANT: Read the complete Long Form Notice at [LONG FORM NOTICE URL]. The Settlement Agreement, Plan of Allocation, deadlines, and other settlement documents are available at [SETTLEMENT WEBSITE URL].**

**Your options and deadlines.** You do not need to do anything to receive a payment if you are entitled to one. You may object to the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, and/or the Case Contribution Awards. Any objection must be filed with the Court and provided to Class Counsel and Defendants' Counsel by [OBJECTION DEADLINE], as explained in the Long Form Notice. If you wish to appear at the Final Approval Hearing, a notice of intent to appear must also be filed and served by [NOTICE OF INTENT DEADLINE]. The Settlement Class has been preliminarily certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1); there is no right to opt out.

**What rights are affected?** If the Settlement becomes effective, Class Members will release the Released Claims defined in the Settlement Agreement whether or not they receive a payment. The release of claims

covers conduct from May 12, 2019 through the date of the Final Approval Order. Read the Long Form Notice and Settlement Agreement for the complete scope of the release.

**Final Approval Hearing.** The Court will hold a Final Approval Hearing on [FINAL APPROVAL HEARING DATE] at [HEARING TIME] Central time, before the Honorable Mary M. Rowland, United States District Court for the Northern District of Illinois, Courtroom 1225, 219 South Dearborn Street, Chicago, Illinois 60604, or by remote means if ordered by the Court. You may attend, but you are not required to do so. Check the Settlement Website for updates to the hearing date, time, or attendance instructions.

**More information.** Visit [SETTLEMENT WEBSITE URL] or call Analytics Consulting LLC, the Settlement Administrator, toll-free at [ADMINISTRATOR PHONE]. Questions may also be directed to Class Counsel: Paul M. Secunda, Walcheske & Luzi, LLC, 1200 N. Mayfair Road, Suite 270, Wauwatosa, WI 53226, (414) 828-2372, psecunda@walcheskeluzi.com.

**PLEASE DO NOT CONTACT THE COURT OR GRAINGER FOR INFORMATION ABOUT THE SETTLEMENT.**

# Exhibit A-2

# COURT-ORDERED SHORT FORM POSTCARD NOTICE

***Gardner-Keegan, et al. v. W.W. Grainger, Inc., et al.***
**Case No. 1:25-cv-05233 (N.D. Ill.)**

**Proposed $2.85 Million Settlement of W.W. Grainger, Inc. Retirement Savings Plan Class Action**

You may be entitled to a payment if you participated in the W.W. Grainger, Inc. Retirement Savings Plan at any time from May 12, 2019 through [PRELIMINARY APPROVAL DATE], inclusive. The Settlement Class also includes Beneficiaries of deceased participants and Alternate Payees under Qualified Domestic Relations Orders as defined in the Settlement Agreement.

Plaintiffs allege that Plan forfeitures were improperly used to offset employer contributions instead of first paying Plan administrative expenses. Defendants W.W. Grainger, Inc., the Board of Directors of W.W. Grainger, Inc., and the W.W. Grainger, Inc. Profit Sharing Investment Committee (collectively, "Grainger") deny the allegations and any wrongdoing. The Court has preliminarily approved a $2,850,000.00 settlement. After deduction of Court-approved attorneys' fees and costs, Class Representative case contribution awards, administrative expenses, and a reserve, the Net Settlement Amount will be allocated under the Plan of Allocation. No claim form is required; eligible persons will generally receive payment into an active Plan account or by check.

Class Counsel will request up to $950,000.00 in attorneys' fees, up to $60,000.00 in litigation expenses, and case contribution awards of up to $10,000.00 for each of the three Class Representatives. The Court will decide what amounts to award.

You cannot opt out. If the Settlement becomes effective, you will be bound by its release whether or not you receive a payment. The Class Period and the period used for allocation end on the date of preliminary approval; however, the release covers claims asserted in the case and claims based on the same factual predicate for conduct through the date of the Final Approval Order. See the Long Form Notice and Settlement Agreement for the complete release.

To object, file your objection with the Court and provide it to Class Counsel and Defense Counsel by [OBJECTION DEADLINE]. To ask to speak, file and serve a notice of intent by [NOTICE OF INTENT DEADLINE]. Follow the instructions in the Long Form Notice. The Final Approval Hearing is [FINAL APPROVAL HEARING DATE] at [HEARING TIME] Central Time, before Judge Mary M. Rowland, Courtroom 1225, 219 South Dearborn Street, Chicago, IL 60604, or by remote means if ordered. Attendance is optional; check the website for updates.

**READ THE LONG FORM NOTICE AND SETTLEMENT DOCUMENTS:**
**[SETTLEMENT WEBSITE URL]**
**Analytics Consulting LLC, Settlement Administrator: [ADMINISTRATOR PHONE]**
**Class Counsel: Paul M. Secunda, Walcheske & Luzi, LLC, 1200 N. Mayfair Road, Suite 270, Wauwatosa, WI 53226, (414) 828-2372, psecunda@walcheskeluzi.com**

**DIRECT ANY QUESTIONS TO THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL. PLEASE DO NOT CONTACT THE COURT OR GRAINGER FOR INFORMATION ABOUT THE SETTLEMENT.**

# Exhibit B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ADRIANNE GARDNER-KEEGAN, SCOTT A. NORMAN, and ALISON DELA RIVA, individually, and as Representatives of a Class of Participants and Beneficiaries of the W.W. Grainger, Inc. Retirement Savings Plan,

Plaintiffs,

vs.

W.W. GRAINGER, INC., BOARD OF DIRECTORS OF W.W. GRAINGER, INC., and W.W. GRAINGER, INC. PROFIT SHARING INVESTMENT COMMITTEE,

Defendants.

Case No. 1:25-cv-05233

Honorable Mary M. Rowland

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING**

Your legal rights might be affected if you are a member of the following class:

The Settlement Class includes all persons who participated in the W.W. Grainger, Inc. Retirement Savings Plan (the "Plan") at any time from May 12, 2019 through [PRELIMINARY APPROVAL DATE], inclusive (the "Class Period"), including any Beneficiary of a deceased person who participated during that period and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated during that period. Please read this Notice carefully.

***A federal court authorized this Notice. It is not a solicitation from a lawyer.***

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plan against W.W. Grainger, Inc. ("Grainger"), the Board of Directors of W.W. Grainger, Inc., and the W.W. Grainger, Inc. Profit Sharing Investment Committee (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), during the Class Period. In the lawsuit, the Plaintiffs alleged that the Defendants improperly allocated the Plan's forfeitures to offset Grainger's company contributions instead of using them to pay for the reasonable administrative expenses of the Plan. Defendants deny the allegations and any wrongdoing.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated October 23, 2026, and are summarized below. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [SETTLEMENT WEBSITE URL]. Certain other documents will also be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. You can also get a copy of the Settlement Agreement and obtain answers to common questions regarding the proposed Settlement by contacting Analytics Consulting LLC, the Settlement Administrator, toll-free at [ADMINISTRATOR PHONE]. Questions may be directed to Class Counsel: Paul Secunda, Walcheske & Luzi, LLC, 1200 N. Mayfair Road, Suite 270, Wauwatosa, WI 53226, (414) 828-2372. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.
- The Court will hold a Final Approval Hearing on [FINAL APPROVAL HEARING DATE] at [HEARING TIME] Central time, before the Honorable Mary M. Rowland, at the United States District Court for the Northern District of Illinois, Courtroom 1225, 219 South Dearborn Street, Chicago, IL 60604, or by remote means if ordered by the Court. The Court will decide whether to approve the Settlement, the Plan of Allocation, the requested Case Contribution Awards, and Attorneys' Fees and Costs. Defendants will pay a Gross Settlement Amount of $2,850,000.00. The Gross Settlement Amount will be reduced by Court-approved Attorneys' Fees and Costs and Case Contribution Awards, Settlement Administrative Expenses (including taxes and tax-related expenses), and a contingency reserve described in the Settlement Agreement to determine the Net Settlement Amount available for initial distribution. Not every Class Member is entitled to a payment. Under the Plan of Allocation, each eligible person's share is based on a Settlement Allocation Score equal to the sum of that person's quarter-end Plan account balances for each calendar quarter, or portion thereof, during the Class Period, from May 12, 2019 through [PRELIMINARY APPROVAL DATE]. The Net Settlement Amount is divided pro rata based on those scores. Payment generally will be made to a Plan account if it has a balance greater than $0 when Final Entitlement Amounts are calculated, or by check if no such account exists or the account closes before payment. The eligibility and minimum-payment rules are explained below.
- Class Counsel for the Settlement Class intends to ask the Court to award them fees of up to $950,000.00 and reimbursement of their costs and out-of-pocket litigation expenses (not to exceed $60,000.00). Since the Action's inception in May 2025, Class Counsel have expended considerable time and effort in the prosecution of this litigation on a wholly contingent-fee basis (meaning that they have not yet been paid anything) and advanced the expenses of the litigation out of their own pockets in the expectation that, if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Class Counsel also intends to ask the Court to grant Plaintiffs case contribution awards not to exceed

$30,000.00 in total ($10,000.00 per Class Representative) for their time and effort. Plaintiffs took on the risk of litigation and committed to spend the time necessary to bring the case to conclusion. If approved by the Court, these amounts will be paid from the Settlement Fund.

- Upon the Settlement Effective Date, the Released Claims will be fully, finally, and forever released as to Defendants and all of the Released Parties.
- The Settlement resolves the lawsuit concerning whether Defendants violated their fiduciary duties and engaged in other violations under ERISA in managing the Plan. Defendants and Plaintiffs disagree on liability and damages. Defendants deny the lawsuit's allegations and all charges of wrongdoing, fault, or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Plaintiffs believe that their claims have merit. The Parties disagree on how much money, if any, could have been recovered if Plaintiffs had prevailed at trial.
- Your legal rights will be affected whether you act or do not act. You will be bound by the Settlement and release of the Released Claims even if you do nothing. Therefore, you should read this Notice carefully.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **DO NOTHING** | <u>Our records indicate that you are a Class Member</u>. You do not need to do anything to receive your settlement payment, if you are entitled to one. You will get a share of the Settlement benefits to which you are entitled and will give up your rights to sue Defendants about the allegations in this case. |
| **OBJECT BY [OBJECTION DEADLINE]** | If you want to object to any part of the Settlement, you may write to the Court to explain why you object to the Settlement, the Plan of Allocation, and/or the requested Attorneys' Fees and Costs or Case Contribution Awards. You still will be a member of the Settlement Class. Your objection must be filed with the Court and provided to Class Counsel and Defense Counsel by [OBJECTION DEADLINE], which is 30 calendar days before the Final Approval Hearing unless the Court orders otherwise. Follow the instructions below. |
| **GO TO THE HEARING** | You may ask to speak at the Final Approval Hearing on [FINAL APPROVAL HEARING DATE]. Anyone wishing to speak must file and serve a notice of intent to participate by [NOTICE OF INTENT DEADLINE], which is 30 calendar days before the hearing unless the Court orders otherwise. |

## INQUIRIES

For further information regarding the Action or this Notice or to review the Settlement Agreement dated October 23, 2026, please contact the Settlement Administrator toll-free at [ADMINISTRATOR PHONE]. You may also contact representatives of Class Counsel for the Settlement Class by contacting Paul Secunda, Walcheske & Luzi, LLC, 1200 N. Mayfair Road, Suite 270, Wauwatosa, WI 53226, (414) 828-2372. **Please do not contact the Court or Defendants regarding this Notice**.

## BASIC INFORMATION

### 1. What is this Notice and why should I read it?

The Court directed that this Notice be provided to Settlement Class Members because they have a right to know about the proposed Settlement of this class-action lawsuit and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals—if any—are resolved, the Settlement Administrator appointed by the Court will make the payments provided for in the Settlement. Please read this Notice carefully. Your rights and options—and the deadlines to exercise them—are explained in this Notice. Please understand that if you are a Class Member, your legal rights are affected regardless of whether you act.

### 2. What is this lawsuit about?

The Plaintiffs, suing individually and on behalf of the Settlement Class and Plan, allege that Defendants breached their fiduciary duties, engaged in prohibited transactions, and otherwise violated ERISA with respect to the management, operation, and administration of the Plan. A more complete description of what Plaintiffs allege is in the Class Action Complaint, which is available on the Settlement Website at [SETTLEMENT WEBSITE URL]. Defendants have consistently denied and continue to deny each of these allegations and deny they have committed any act or omission giving rise to any liability or violation of the law.

### 3. Why is this a class action?

Classes are generally used in lawsuits that affect a large number of individuals. A class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct in the same period of time, thus removing the need for members of the class to file their own individual lawsuits to separately seek to recover for the harm alleged. One court resolves all the issues for all class members in a single lawsuit. Plaintiffs are the proposed class representatives in this lawsuit and are sometimes referred to in this Notice as the "Plaintiffs" or as "Class Representatives."

### 4. Why is there a settlement?

This Action has not gone to trial. On January 26, 2026, the Court granted in part and denied in part Defendants' motion to dismiss, dismissing Plaintiffs' prohibited-transaction claims while allowing Plaintiffs' fiduciary-breach claims to proceed to discovery. Thereafter, legal counsel for all the

parties participated in an in-person mediation before a neutral third-party Mediator and, following continued negotiations after the mediation, the Parties agreed to and memorialized the Settlement to avoid the costs and risks of further litigation.

Plaintiffs and Class Counsel believe that the Settlement is in the Settlement Class Members' best interests and provides them with a substantial benefit now, instead of engaging in potentially years of further uncertain and expensive litigation, which could involve cross-motions for summary judgment, pre-trial motions, a lengthy trial, and possible appeals—which could result in Plaintiffs and the Class Members receiving no recovery at all. By settling the Action with the Defendants at this point, Plaintiffs are not admitting that the Action lacked merit, or that the Settlement Class's ultimate recovery would not have been greater than the Gross Settlement Amount had litigation continued. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Plaintiffs or the Class Members that any of their claims lack merit; that any defenses asserted by any of the Defendants in the Action have any merit; or that damages recoverable in the Action would not have exceeded the Gross Settlement Amount.

Defendants admit no wrongdoing. Defendants deny all allegations made and claims brought by Plaintiffs, and maintain that they have meritorious defenses, complied with their fiduciary duties, and did not engage in any wrongdoing. Defendants believe they would prevail at trial. Nonetheless, in light of the costs of further litigation, as well as the uncertainty and risks inherent in any litigation, especially in complex cases like this Action, Defendants have determined that it is desirable and beneficial to fully and finally settle the Released Claims on the terms set forth in the Settlement Agreement.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. A trial is a risky proposition. The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony. The Parties disagree on both liability and damages, and do not agree on the amount of losses or damages, if any, that would be recoverable by the Plan or Settlement Class if Plaintiffs were to prevail on each claim alleged against the Defendants.

## WHO IS IN THE SETTLEMENT?

### 5. How do I know if I am part of the Settlement?

The Settlement Class includes all persons who participated in the W.W. Grainger, Inc. Retirement Savings Plan (the "Plan") at any time from May 12, 2019 through [PRELIMINARY APPROVAL DATE], inclusive, including any Beneficiary of a deceased person who participated during that period and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated during that period.

| 6. **What if I am still not sure if I am included?** |
|---|

If you are still not sure whether you are included, you can ask for free help. Contact Analytics Consulting LLC, the Settlement Administrator, toll-free at [ADMINISTRATOR PHONE] or at [ADMINISTRATOR MAILING ADDRESS].

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 7. **What does the Settlement provide?** |
|---|

Defendants have agreed to pay a Gross Settlement Amount of $2,850,000.00 to settle this lawsuit. Class Counsel intends to request attorneys' fees of up to $950,000.00 (one-third of the Gross Settlement Amount), reimbursement of reasonable litigation costs and expenses actually advanced of up to $60,000.00, and Case Contribution Awards of up to $10,000.00 each for the three Class Representatives. The Court will decide the amounts, if any, to award. The Net Settlement Amount available for initial distribution is the Gross Settlement Amount less Court-approved Attorneys' Fees and Costs, Court-approved Case Contribution Awards, Settlement Administrative Expenses, and a contingency reserve mutually agreed upon by the Parties for unpaid or anticipated expenses and adjustments for data or calculation errors. Settlement Administrative Expenses include notice and distribution costs, administrator and escrow fees, independent-fiduciary fees, recordkeeper charges, CAFA notice expenses, and taxes and tax-related expenses. Remaining funds will be handled as described below and in the Settlement Agreement and Plan of Allocation.

| 8. **How much will my payment be?** |
|---|

Your share of the Net Settlement Amount will be determined under the Court-approved Plan of Allocation based on your Plan account balances during the Class Period, from May 12, 2019 through [PRELIMINARY APPROVAL DATE]. The Plan of Allocation is Exhibit C to the Settlement Agreement. The Plan of Allocation explains the calculation methodology, eligibility requirements, minimum-payment rules, and recalculation procedures. You may review it at [SETTLEMENT WEBSITE URL] or contact the Settlement Administrator at [ADMINISTRATOR PHONE].

A Current Participant is a Class Member with an Active Account, meaning a Plan account with a balance greater than $0 when Final Entitlement Amounts are calculated. Current Participants, and eligible Beneficiaries and Alternate Payees with Active Accounts, generally receive payment in those accounts. Current Participants whose Preliminary Entitlement Amount is $0 do not receive a distribution.

Former Participants, and eligible Beneficiaries and Alternate Payees without Active Accounts, whose Preliminary Entitlement Amount before tax withholding is $5.00 or less will not receive a distribution. The Settlement Administrator will recalculate the allocations after excluding these persons and Current Participants with a $0 Preliminary Entitlement Amount. Eligible persons without Active Accounts will receive their resulting Final Entitlement Amounts by check, subject to applicable tax withholding. A Current Participant whose account closes after calculation will

receive the previously calculated Final Entitlement Amount by check without a new minimum-payment exclusion.

No claim form is required. To update your mailing address or beneficiary information, contact Analytics Consulting LLC at [ADMINISTRATOR PHONE] or follow the instructions at [ADDRESS AND BENEFICIARY UPDATE URL].

After the initial distribution, remaining amounts, including undistributed or uncashed amounts, unused contingency reserves, and remaining net investment earnings, will be redistributed pro rata to Class Members who received an initial distribution if the Settlement Administrator, after consulting Class Counsel, reasonably determines that another distribution is economically feasible. Any residual amount for which a further distribution is not economically feasible will be paid to the Plan, no sooner than 14 calendar days after the expiration of any checks issued, solely to defray administrative fees and expenses that otherwise would be charged to Plan participants, as provided in the Settlement Agreement and Plan of Allocation.

## HOW YOU GET A PAYMENT

### 9. How can I get a payment?

If you are an eligible Class Member, Beneficiary, or Alternate Payee, no claim form is required. Any payment for which you qualify will be made automatically under the Plan of Allocation, generally in your Plan account if you have an Active Account or by check if you do not. Keep your address and beneficiary information current.

### 10. When would I get my payment?

The Court will hold a Final Approval Hearing on [FINAL APPROVAL HEARING DATE] to decide whether to approve the Settlement. If approved, the Settlement must become effective before distributions are made. Appeals or other review proceedings could delay that date. The Settlement Agreement and Plan of Allocation provide for disbursement of the Net Settlement Amount within 90 calendar days after the Settlement Effective Date and, if reasonably feasible, initial distributions within that same period. Checks expire 180 calendar days after issuance. The Settlement Administrator will make commercially reasonable efforts to locate recipients of returned checks, reissue checks where appropriate, and remind recipients before outstanding checks expire. See the Settlement Website for updates.

### 11. What am I giving up to get a payment or by participating in the Settlement?

When the Settlement becomes effective, each Class Member will release the Released Claims and be subject to the covenant not to sue in Article 8 of the Settlement Agreement. The Released Claims include the forfeiture claims asserted in the lawsuit and other claims arising from the same underlying facts, for conduct from May 12, 2019 through the date of the Final Approval Order. Class membership ends as of the date of the Court's preliminary approval of the Settlement, while this release period continues through the date of the Final Approval Order. The release includes

unknown claims within its scope and binds Class Members even if they receive no payment or did not actually receive notice.

Section 2.38 of the Settlement Agreement also includes specified claims concerning preclusion, settlement allocation and administration, independent-fiduciary approval, and tax liability, subject to the terms and exceptions stated there. It excludes claims for vested benefits arising solely under ERISA § 502(a)(1)(B) to the extent they do not relate to the defined Released Claims. This summary does not replace the full release: read Section 2.38 and Article 8 of the Settlement Agreement at [SETTLEMENT WEBSITE URL], or contact Class Counsel with questions.

| 12. | **Can I exclude myself from the Settlement Class?** |
|---|---|

No. The Settlement Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders entered in the lawsuit for all claims asserted in the lawsuit or otherwise included as Released Claims (as defined in the Settlement Agreement). If you wish to object to any part of the Settlement, you may file a written objection with the Court and provide it to counsel, and you may ask to speak at the Final Approval Hearing, as explained in Questions 15 and 18.

## THE LAWYERS REPRESENTING YOU

| 13. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Walcheske & Luzi, LLC shall represent the Class Members, including you. These lawyers are called Class Counsel. You will not be personally liable for the fees and expenses incurred by these lawyers, which will be paid from the Settlement Fund, as approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14. | **How will the lawyers be paid?** |
|---|---|

Class Counsel have litigated this Action since May 2025 on a wholly contingent basis, meaning that they have not been paid any attorneys' fees for the time devoted to the lawsuit, nor have they been reimbursed their out-of-pocket expenses incurred during that time period. As such, as part of the Settlement approval process, Class Counsel will move the Court for an award of attorneys' fees in an amount not greater than $950,000.00 and for out-of-pocket expenses in connection with the litigation (not to exceed $60,000.00). The Court will decide whether to grant this request, and, if it is granted, how much to award Class Counsel. Such sums as may be approved by the Court will be paid from the Settlement Fund.

Class Counsel will file the motion for final approval and approval of the Plan of Allocation by [FINAL APPROVAL MOTION DEADLINE], which is 45 calendar days before the Final Approval Hearing. Class Counsel will file the application for Attorneys' Fees and Costs and Case Contribution Awards by [FEE AND AWARD MOTION DEADLINE], as set by the Preliminary Approval Order. These filings will be available at [SETTLEMENT WEBSITE URL] before the objection deadline.

Class Counsel believes that the requested attorneys' fees are warranted in light of their efforts, on a wholly contingent basis, to litigate and ultimately resolve the litigation. Class Counsel's litigation efforts included work to investigate the underlying claims, to file the class action complaint, to litigate Defendants' motion to dismiss, and to obtain and review thousands of pages of documents produced by Defendants. Class Counsel's efforts to resolve the litigation included work to prepare a written mediation statement, to mediate the dispute for a full day before a neutral third-party mediator, Robert A. Meyer, Esq., and to hold telephonic sessions after the mediation to explore the possibility of a settlement, as well as its contours and timing, with Defense Counsel. Class Counsel thereafter worked to memorialize the Settlement in a detailed Settlement Agreement with supporting documents including a proposed plan of allocation and proposed notices, and to submit the Settlement to the Court for necessary approvals. Class Counsel's final approval motion will argue that the Settlement should be granted final approval with a judgment entered. Class Counsel's motion for an award of attorneys' fees and expenses will argue that the requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type and are reasonable when compared against Class Counsel's actual time devoted to the litigation of the Action at the applicable billing rates of Class Counsel's attorneys and paralegals. It will also argue that Class Representatives should receive a case contribution award stemming from their time and energies overseeing and directing the litigation, including communicating with Class Counsel and remaining available to assist in the prosecution and resolution of the Action. The Court determines what to award Class Counsel as fees and expenses and Class Representatives as case contribution awards from the Settlement Fund, and it may deny or reduce the requested amounts, in its discretion.

## OBJECTING TO THE SETTLEMENT

### 15. How do I tell the Court that I object to the proposed Settlement?

If you are a Class Member, you can object to the proposed Settlement, the proposed Plan of Allocation, Class Counsel's fee, cost, and expense application, and/or the Class Representatives' Case Contribution Awards. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.

To object, file a signed written objection identifying *Gardner-Keegan, et al. v. W.W. Grainger, Inc., et al.*, Case No. 1:25-cv-05233. Include your name, address, telephone number, signature, a statement that you are a Class Member, the part or parts of the Settlement or requested awards you challenge, and the specific reasons for your objection, together with any supporting legal authority or evidence you wish the Court to consider. State whether your objection applies only to you, to a specific subset of the class, or to the entire class. The objection and any supporting papers must be filed with the Court and copies provided to Class Counsel and Defense Counsel at the following addresses by [OBJECTION DEADLINE], which is 30 calendar days before the Final Approval Hearing unless the Court orders otherwise:

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of Court United States District Court for the Northern District of Illinois<br><br>Everett McKinley Dirksen United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 | Paul M. Secunda<br>WALCHESKE & LUZI, LLC<br>1200 N. Mayfair Road<br>Suite 270<br>Wauwatosa, WI 53226<br>(414) 828-2372<br>psecunda@walcheskeluzi.com | Richard E. Nowak<br>Elaine Liu<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>(312) 782-0600<br>rnowak@mayerbrown.com<br>eliu@mayerbrown.com |

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to do so.

### 16. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Final Approval Hearing on [FINAL APPROVAL HEARING DATE] at [HEARING TIME] Central time, before the Honorable Mary M. Rowland, at the United States District Court for the Northern District of Illinois, Courtroom 1225, 219 South Dearborn Street, Chicago, IL 60604, or by remote means if ordered by the Court, for the following purposes: to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class Members and should be approved by the Court; to determine whether a proposed Final Order and Judgment as provided in the Settlement Agreement should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of fees, costs, and expenses that should be awarded to Class Counsel and any case contribution awards to Class Representatives for their service to the Settlement Class; and to consider such other matters as the Court may deem appropriate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing.

At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement and whether to grant any awards to Class Counsel and Class Representatives and, if so, in what amounts. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Class Members, though any revised dates or times will be promptly posted to the Settlement Website at [SETTLEMENT WEBSITE URL].

| | |
|---|---|
| 17. | **Do I have to come to the hearing?** |

No. Class Counsel will answer questions the Court may have and has extensive experience handling settlement-related hearings of this nature. You are welcome to come, however, at your own expense. If you send an objection, you do not have to attend the hearing to talk about it. You do not have to attend for the Court to consider an objection filed and provided to counsel by the deadline. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| | |
|---|---|
| 18. | **May I speak at the hearing?** |

You may ask the Court for permission to speak at the hearing. To do so, file with the Court and serve on Class Counsel and Defense Counsel a notice of intent to participate by [NOTICE OF INTENT DEADLINE], which is 30 calendar days before the Final Approval Hearing unless the Court orders otherwise. You may include that notice in a timely written objection. Attendance is at your own expense.

The notice of intent to participate must identify you and, if applicable, your attorney's name, address, and telephone number. Anyone who does not timely file and serve the notice may speak only if the Court permits. Check [SETTLEMENT WEBSITE URL] for any change in the hearing date, time, location, or remote attendance instructions.

## IF YOU DO NOTHING

| | |
|---|---|
| 19. | **What happens if I do nothing at all?** |

If you do nothing, you and all other Class Members will be bound by the judgment and the Settlement Agreement, including the release of claims. If you are a Current Participant, Former Participant, or a Beneficiary or Alternate Payee of a Participant, you do not need to take any action to be eligible to receive the Settlement benefits.

## GETTING MORE INFORMATION

| | |
|---|---|
| 20. | **Are there more details about the proposed Settlement?** |

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. The Settlement Agreement is the controlling document describing the proposed Settlement, and its terms control over anything to the contrary in this Notice. You can get a copy of the Settlement Agreement and obtain answers to common questions regarding the proposed Settlement by contacting Analytics Consulting LLC, the Settlement Administrator, toll-free at [ADMINISTRATOR PHONE] or by downloading it from the Settlement Website at [SETTLEMENT WEBSITE URL].

## 21. **How do I get more information?**

For even more detailed information concerning the matters involved in this Action, reference is made to the Settlement Agreement, to the Plan of Allocation, to the filings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement-related papers filed in the Action, which will be posted on the Settlement Website at [SETTLEMENT WEBSITE URL].

# Exhibit C

## PLAN OF ALLOCATION

1. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Amount among Class Members based on their alleged economic losses as a result of the claims alleged in the Class Action Complaint. The Settlement Administrator shall determine each Class Member's share of the Net Settlement Amount based upon the Plan of Allocation set forth herein and as ordered by the Court. Capitalized terms not otherwise defined herein have the meanings assigned in the Settlement Agreement. The Class Period is May 12, 2019 through the date of the Preliminary Approval Order, inclusive. The account balances and periods of participation used to calculate allocations are measured within that Class Period. Analytics Consulting LLC is the Settlement Administrator identified in Section 2.42 of the Settlement Agreement.

2. To be eligible for a payment from the Net Settlement Amount, a person must be a Settlement Class Member, or a Beneficiary or Alternate Payee entitled to receive all or part of a Settlement Class Member's allocation. A "Current Participant" is a Settlement Class Member with an Active Account at the time of calculation of the Final Entitlement Amount. No claim form is required. An Active Account determines the method of payment and does not independently establish eligibility. Current Participants, as well as Beneficiaries or Alternate Payees with Active Accounts, shall receive their settlement payments as additions to their Active Accounts, as provided for in Paragraph 5 below. Former Participants, as well as Beneficiaries or Alternate Payees who do not have Active Accounts, shall receive their settlement payments in the form of checks as provided in Paragraph 6 below.

3. Beneficiaries will receive settlement payments, as described in this Plan of Allocation, in amounts corresponding to their entitlement as Beneficiaries of the Current Participant or of the Former Participant with respect to whom the payment is made. This includes settlement payments to Beneficiaries based upon the Current Participant's or Former Participant's Plan account(s) during the Class Period and/or the Beneficiary's own Plan account(s) during the Class Period, if an account was created in the Plan for the Beneficiary. Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a Current Participant's or Former Participant's allocation under this Plan of Allocation pursuant to the terms of the applicable Qualified Domestic Relations Order ("QDRO"), including Alternate Payees for whom an account was created in the Plan. Beneficiaries and Alternate Payees with Active Accounts will receive payments by the method described in this Plan of Allocation for Current Participants. Beneficiaries and Alternate Payees who do not have Active Accounts will receive payments by the method described in this Plan of Allocation for Former Participants. The Settlement Administrator shall have sole and final authority, subject to the Court's continuing jurisdiction and the dispute-resolution provisions of the Settlement Agreement, to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Settlement Agreement, including the Plan of Allocation set forth herein, and as ordered by the Court. The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Amount to the extent that it is equitably and economically feasible. The same account balance or economic interest shall not be counted more than once for any measurement period. Transfers to a Beneficiary or Alternate Payee shall be traced and attributed consistently, and the resulting allocation

shall be assigned or divided in accordance with the applicable beneficiary entitlement or QDRO. Any unresolved question concerning implementation shall be addressed under Sections 4.1.8 through 4.1.10 of the Settlement Agreement, subject to the Court's continuing jurisdiction and the dispute-resolution provisions of the Settlement Agreement.

4. **Calculation of Settlement Payments**. Payments to Current Participants, Former Participants, Beneficiaries, or Alternate Payees shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows.

i). Per Section 9.2.1 of the Settlement Agreement, the Recordkeeper shall provide the Settlement Administrator with the data subject to its control as reasonably available and necessary to determine the amount of the Net Settlement Amount to be distributed to each member of the Settlement Class ("Settlement Class Member" or "Class Member") in accordance with this Plan of Allocation.

ii). The data reasonably necessary to perform calculations under this Plan of Allocation includes: (1) quarterly account balances for each Class Member during the period from April 2019 through the [Month of the Preliminary Approval Order] (e.g., the first quarterly account balance that may be taken into account would be for the April 2019 through June 2019 period); and (2) records reasonably necessary to identify Beneficiary and Alternate Payee entitlements and avoid duplicative counting. Quarterly balances shall be used where reasonably available. If quarterly balances are unavailable, year-end balances and other reasonably available account records shall be used under a consistent fallback protocol disclosed to Class Counsel and Defense Counsel before calculations are finalized. Missing data shall not be treated as a zero balance merely because a record is unavailable.

iii). The Settlement Administrator shall determine a "Settlement Allocation Score" for each eligible Current Participant, Former Participant, Beneficiary, or Alternate Payee by summing the account balances attributable to that person for each calendar quarter, or portion thereof, within the Class Period. For each quarterly period, the balance at the end of the period shall be used if reasonably available. For a person who opened an account after the start of a quarterly measurement period (i.e., in the middle of a quarterly measurement period), the account balance at the end of that quarterly period shall be used for that period. For a person who fully distributed an account before the quarterly period-end measurement date, the last reasonably available positive balance before full distribution (e.g., termination distribution amount) shall be used for that period. Accordingly, if a Class Member had opened an account during the middle of a quarterly measurement period, or if a Class Member had closed an account during the middle of a quarterly measurement period, no proration of the account balance for those opening or closing quarters is necessary. The Preliminary Entitlement Amount for each eligible person shall equal the Net Settlement Amount multiplied by that person's Settlement Allocation Score divided by the sum of the Settlement Allocation Scores of all eligible persons. Account balances and entitlements transferred to Beneficiaries or Alternate Payees shall be counted only once, as provided in Paragraph 3 above.

iv). The amounts resulting from this initial calculation shall be known as the Preliminary Entitlement Amount. Current Participants with a Preliminary Entitlement Amount of $0 shall not receive a distribution from the Net Settlement Amount. Former Participants, and Beneficiaries or Alternate Payees without Active Accounts, whose Preliminary Entitlement Amount before applicable tax withholding is $5.00 or less will not receive a distribution from the Net Settlement Amount. The Settlement Administrator shall recalculate the entitlement amount excluding those persons described in the preceding two sentences. The resulting calculation shall be the "Final Entitlement Amount" for each Settlement Class Member entitled to a distribution. The sum of the Final Entitlement Amounts for all remaining Settlement Class Members must equal the dollar amount of the Net Settlement Amount. Allocations shall be rounded to the nearest cent, with any rounding difference assigned among eligible recipients in order of their fractional-cent remainders so that aggregate gross allocations equal, and do not exceed, the Net Settlement Amount. Applicable withholding shall be remitted on behalf of the recipient and counted as part of that recipient's gross allocation. A Current Participant whose account closes after calculation shall receive the previously calculated Final Entitlement Amount by check without applying a new minimum-payment exclusion.

v). The Settlement Administrator shall utilize the calculations required to be performed herein for: (a) making the required payments to Former Participants, and to Beneficiaries or Alternate Payees who do not have Active Accounts, under Paragraph 6 of this Plan of Allocation; and (b) instructing the Plan as to the amount of the Net Settlement Amount to be allocated to Current Participants, and to Beneficiaries or Alternate Payees who have Active Accounts, under Paragraph 5 of this Plan of Allocation and calculating the total amount to deposit into each of their Active Account(s) to fulfill this instruction. Initial distributions shall be made in accordance with Article 6 of the Settlement Agreement and any applicable Court order. Class Counsel shall direct the Escrow Agent to disburse the Net Settlement Amount as provided by the Settlement Agreement and this Plan of Allocation within ninety (90) calendar days following the Settlement Effective Date. If reasonably feasible, initial distributions will also be made within ninety (90) calendar days following the Settlement Effective Date.

5. **Payments to Current Participants and Beneficiaries or Alternate Payees with Active Accounts.** For Current Participants, and Beneficiaries or Alternate Payees, with an Active Account as of the date of the calculation of the Final Entitlement Amount, their Final Entitlement Amount will be allocated into their Plan account (unless that Plan account has been closed in the intervening period between the calculation of the Final Entitlement Amount and the payment of the Final Entitlement Amount, in which case they will receive their allocation in accordance with Paragraph 6 below). As promptly as possible after deposit of the Net Settlement Amount into the Plan, and no later than ten (10) business days before the date of distribution of the applicable portion of the Net Settlement Amount, the Settlement Administrator shall forward to the Recordkeeper or Authorized Administrator the information/data needed for allocating into their account under the Plan their Final

Entitlement Amount. The deposited amount shall be invested by the Recordkeeper pursuant to the investment elections on file for new contributions. If there is no election on file, it shall be invested in any default investment option(s) designated by the Plan, and if the Plan has not designated any default investment option(s), in a target date fund commensurate with the retirement age or similar fund under the Plan.

6. **Payments to Former Participants and Beneficiaries or Alternate Payees without Active Accounts**. Former Participants and Beneficiaries or Alternate Payees without Active Accounts shall be paid directly by the Settlement Administrator by check. The Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the Former Participant or Beneficiary or Alternate Payee without an Active Account; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agencies; and (iii) issue appropriate tax forms to these persons. If a Former Participant or Beneficiary or Alternate Payee without an Active Account has updated their address using the settlement website, the Settlement Administrator shall distribute any payment to such Former Participant or Beneficiary or Alternate Payee without an Active Account at such updated address.

7. This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. The Settlement Administrator may correct clerical, calculation, and data errors and make routine implementation adjustments consistent with this Plan of Allocation and the Settlement Agreement, with notice to Class Counsel and Defense Counsel. Any proposed material change to eligibility, allocation weighting, minimum-payment thresholds, or residual-fund disposition shall require approval by the Court and, to the extent required by the Settlement Agreement, written approval by the Parties and the Independent Fiduciary. No fallback protocol may materially change the approved methodology without those approvals. Aggregate distributions shall not exceed the available Net Settlement Amount. The Court retains jurisdiction to resolve disputes concerning this Plan of Allocation.

8. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

9. Within twenty-eight (28) calendar days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice, and the physical or e-mail address used and the method of delivery; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice; (c) the name of each Class Member whose Settlement Notice was returned as undeliverable or generated an e-mail delivery-failure notification; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice for each such Class Member, including first-class postcard fallback for failed e-mail notices; and (e) the name of each Class Member to whom the Settlement Administrator made a payment from the Net Settlement Amount, together with the amount and form of the payment, the name of the payee, the date of payment, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate

tax authority, if applicable. Separately, within fourteen (14) calendar days following issuance of all settlement payments, the Settlement Administrator shall provide Class Counsel and Defense Counsel the payment list required by Section 4.1.11 of the Settlement Agreement. The completion affidavit shall also reconcile all distributions, tax remittances, outstanding or uncashed checks, remaining reserves, and residual amounts, including any redistribution or payment to the Plan under Paragraph 13 below. These records shall be maintained and transmitted securely in accordance with the Settlement Agreement and Protective Order.

10. The Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants and Defense Counsel will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Settlement Fund shall not be treated as wages by the Parties.

11. Each Class Member who receives a payment under the Settlement Agreement shall be fully and ultimately responsible for any federal, state, or local taxes lawfully due from that Class Member as a result of the payment received.

12. All checks issued pursuant to this Plan of Allocation shall expire one hundred eighty (180) calendar days after their issue date. Before expiration, the Settlement Administrator shall use commercially reasonable efforts to locate recipients of returned checks, reissue checks where appropriate, and remind recipients of outstanding checks of the expiration date. A reissued check shall state its expiration date, and any necessary extension of the distribution process shall be addressed consistently with the Settlement Agreement and applicable Court orders.

13. All checks that are undelivered or are not cashed before their expiration date shall return to the Settlement Fund. After expiration of any checks issued in the initial distribution and reconciliation of reasonably anticipated costs, taxes, and other outstanding obligations, any undistributed or uncashed amounts, unused contingency reserves, and remaining net investment earnings shall, if the Settlement Administrator, after consultation with Class Counsel, reasonably determines that a further distribution is economically feasible, taking into account the amount available for redistribution, the anticipated per-recipient payment, and the cost of making the redistribution, be redistributed pro rata to Class Members who received an initial distribution. Consistent with Section 6.6 of the Settlement Agreement, after all distributions of payments to Class Members have been completed and no sooner than fourteen (14) calendar days after the expiration of any checks issued, any residual Net Settlement Amount for which a further distribution is not economically feasible shall be paid to the Plan solely for the purpose of defraying administrative fees and expenses of the Plan that would otherwise be charged to Plan participants. Once payment is complete, notice shall be promptly sent to Class Counsel and Defense Counsel.

# Exhibit D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADRIANNE GARDNER-KEEGAN, SCOTT A. NORMAN, and ALISON DELA RIVA, individually, and as Representatives of a Class of Participants and Beneficiaries of the W.W. Grainger, Inc. Retirement Savings Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>W.W. GRAINGER, INC., BOARD OF DIRECTORS OF W.W. GRAINGER, INC., and W.W. GRAINGER, INC. PROFIT SHARING INVESTMENT COMMITTEE,<br><br>Defendants. | Case No. 1:25-cv-05233<br><br>Honorable Mary M. Rowland |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, the above-captioned action is pending before this Court (the "Action");

WHEREAS, Plaintiffs Adrianne Gardner-Keegan, Scott A. Norman, and Alison Dela Riva ("Plaintiffs"), on behalf of themselves and all Class Members, and Defendants W.W. Grainger, Inc., the Board of Directors of W.W. Grainger, Inc., and the W.W. Grainger, Inc. Profit Sharing Investment Committee ("Defendants") (altogether, the "Parties") have applied under Fed. R. Civ. P. 23(e) for an order preliminarily approving the Settlement of this Action, in accordance with a Settlement Agreement dated October 23, 2026 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Parties and for dismissal of the Action with prejudice against all Defendants upon the terms and conditions set forth therein; and

WHEREAS, the Court has read and considered the Settlement Agreement and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Settlement Agreement and hereby preliminarily approves the Settlement set forth therein, subject to further consideration at the Final Approval Hearing. Unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. Pursuant to Fed. R. Civ. P. 23(a) and (b)(1), the Court preliminarily certifies, for purposes of settlement only, the following Settlement Class:

> All persons who participated in the W.W. Grainger, Inc. Retirement Savings Plan (the "Plan") at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. The Class Period is May 12, 2019, through the date of entry of the Preliminary Approval Order.

3. For settlement purposes, the Court hereby preliminarily approves the appointment of Plaintiffs Adrianne Gardner-Keegan, Scott A. Norman, and Alison Dela Riva as class representatives.

4. For settlement purposes, the Court hereby preliminarily approves the appointment of Walcheske & Luzi, LLC as Class Counsel.

5. The Court preliminarily finds that the Settlement resulted from arm's-length negotiations and, based on the current record, that it will likely be able to approve the Settlement under Rule 23(e)(2) and certify the Settlement Class for purposes of judgment under Rule 23(e)(1)(B). The Settlement is sufficient to warrant the appointment of the Settlement Administrator, the distribution by mail and otherwise of the Notice of the Settlement to Class Members, and a full hearing on the Settlement.

6. The "Final Approval Hearing" shall be held before this Court on __________, 2027, at _____ __.m., at the United States District Court, Northern District of Illinois, Courtroom 1225, 219 South Dearborn Street, Chicago, IL 60604, or by telephone or videoconference as directed by the Court, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether the Final Approval Order as provided in the Settlement should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel for their efforts, and any Case Contribution Awards that should be awarded to Plaintiffs for their service to the Settlement Class; to hear any objections by Class Members to the Settlement Agreement, Plan of Allocation, or any award of fees and expenses to Class Counsel or Case Contribution Awards to Plaintiffs; to approve any Settlement Administrative Expenses incurred to date and a reserve for anticipated future Settlement Administrative Expenses; and to consider such other matters as the Court may deem appropriate. The hearing shall be scheduled no sooner than one hundred twenty (120) calendar days after the filing of the motion for preliminary approval and no earlier than permitted by 28 U.S.C. § 1715(d), including the applicable ninety (90)-day period following CAFA notice service.

7. The Court appoints Analytics Consulting LLC as Settlement Administrator to supervise and administer the notice procedure and settlement distributions in accordance with the Settlement Agreement and the Court-approved Plan of Allocation, as more fully set forth below:

(a) Within twenty-one (21) calendar days after entry of this Preliminary Approval Order, Defendants or Defense Counsel shall coordinate with the Plan's Recordkeeper to provide the Settlement Administrator the Class Member information reasonably necessary to send

the notices of settlement as provided for in paragraph 7(b) below, and as soon as reasonably feasible after entry of this Preliminary Approval Order, the Plan's Recordkeeper shall provide the Class Member information specified in Section 9.2 of the Settlement Agreement that is reasonably necessary to implement the Plan of Allocation.

(b) The Court hereby approves, as to form and content, the Email Settlement Notice (Exhibit A-1), Short Form Postcard Settlement Notice (Exhibit A-2), and Long Form Settlement Notice (Exhibit B), substantially in the forms annexed to the Settlement Agreement, and the notice program in Section 3.5. No more than thirty (30) calendar days after receipt of the information reasonably necessary to send the notices of settlement, Class Counsel, through the Settlement Administrator, shall cause the Email Settlement Notice to be transmitted to each Class Member for whom a valid e-mail address is reasonably available. For each Class Member for whom no valid e-mail address is reasonably available, or whose Email Settlement Notice is returned as undeliverable or otherwise results in a delivery-failure notification, the Settlement Administrator shall send the Short Form Postcard Settlement Notice by first-class U.S. mail to the last known physical address. If a postcard is returned as undeliverable, the Settlement Administrator shall use commercially reasonable efforts to locate an updated address and re-mail the postcard one additional time if an updated address is located. The notices shall prominently direct Class Members to the Settlement Website and Long Form Settlement Notice as provided in Section 3.5. Class Counsel shall cause all three notices, the Settlement Agreement, Plan of Allocation, and the materials required by Section 14.2 to be posted on the Settlement Website, and a link to the Settlement Website shall appear on Class Counsel's website. Updates may be posted on the Settlement Website, subject to the Court's authority to require additional notice for material

changes affecting Class Members' rights. The Court preliminarily approves the proposed Plan of Allocation for purposes of notice, subject to final approval after the opportunity to object.

8. The form and content of the notice program described herein, and the methods set forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, any application for fees and expenses to Class Counsel or Case Contribution Awards to Plaintiffs, and the Plan of Allocation:

a. Constitute the best notice practicable to Settlement Class Members under the circumstances of this Action and pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure;

b. Are reasonably calculated, under the circumstances, to apprise Class Members of: (i) the claims in the Action; (ii) the proposed Settlement of this Action, including Class Counsel's intention to seek compensation from the Gross Settlement Amount for Attorneys' Fees and Costs, payment of Settlement Administrative Expenses, and Case Contribution Awards; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all Settlement Class Members;

c. Are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled thereto; and

d. Comply fully with the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States, and any other applicable law.

9. No later than thirty (30) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Website to be published on the Internet.

10. The Court also approves the form of CAFA Notice attached as Exhibit F. No later than ten (10) calendar days after the filing of the preliminary-approval motion, the Settlement Administrator shall serve the CAFA Notice on Defendants' behalf and with their approval on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states and the District of Columbia in which Class Members reside or may reside, as specified in Section 3.6 of the Settlement Agreement and 28 U.S.C. § 1715. Proper service of the required notice and materials shall satisfy Defendants' CAFA notice obligations. The Settlement Administrator, on behalf of the Defendants, shall provide a declaration or other evidence of the completion of the CAFA notice service obligations before final approval as an exhibit to Plaintiffs' motion for final approval of the Settlement.

11. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, including in Section 2.38 of the Settlement Agreement, whether favorable or unfavorable to the Settlement Class. Class Members may not exclude themselves from the Settlement Class. The Class Period runs through the date of entry of this Preliminary Approval Order. The conduct covered by Section 2.38 of the Settlement Agreement, including Sections 2.38.1 and 2.38.2, extends through entry of the Final Approval Order. The releases become effective on the Settlement Effective Date and remain subject to all limitations and exceptions in the Settlement Agreement.

12. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

13. Any Class Member and any other interested Person may appear at the Final Approval Hearing personally or through counsel and be heard to the extent allowed by the Court. A Class Member objecting to the Settlement, Plan of Allocation, Attorneys' Fees and Costs, or Case Contribution Awards must file the objection and supporting materials with the Clerk of Court and provide copies to Class Counsel and Defense Counsel at least thirty (30) calendar days before the Final Approval Hearing. The objection must include the objector's name, address, telephone number, and signature; state whether the objector is a Class Member and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; identify the challenged provisions; and state with specificity the grounds for the objection, including any legal authority or evidence the objector wishes the Court to consider. The Court retains discretion to consider other submissions. Objection materials must be filed with the Court and copies provided to counsel at the following addresses:

CLASS COUNSEL

Paul M. Secunda
WALCHESKE & LUZI, LLC
1200 N. Mayfair Road
Suite 270
Wauwatosa, WI 53226
(414) 828-2372
psecunda@walcheskeluzi.com

DEFENDANTS' COUNSEL

Richard E. Nowak
Elaine Liu
Mayer Brown LLP
71 South Wacker Drive

Chicago, Illinois 60606
(312) 782-0600
rnowak@mayerbrown.com
eliu@mayerbrown.com

COURT

Clerk of Court
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

14. Any member of the Settlement Class who does not make their objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, to Attorneys' Fees and Costs, and to the Case Contribution Awards, unless otherwise ordered by the Court.

15. Any Party may file a response to an objection by a Class Member at least seven (7) calendar days before the Final Approval Hearing. The Parties may serve narrowly tailored discovery requests relevant to an objection, including document requests and a deposition not exceeding two (2) hours, with reasonable deadlines and subject to any limitations or deadlines imposed by the Court.

16. Attendance at the Final Approval Hearing is not necessary. Any Person wishing to speak at the Final Approval Hearing must file with the Court and serve on Class Counsel and Defense Counsel a notice of intent to participate at least thirty (30) calendar days before the hearing, or by such other deadline as the Court may set. Class Members need not appear at the hearing or take any action if they do not oppose any aspect of the Settlement.

17. The Court reserves the right to alter the time or date of the Final Approval Hearing without further direct notice to Class Members, other than notice to Class Counsel, and may direct that the change be posted on the Settlement Website. Any amendment or modification of the Settlement Agreement must satisfy Section 15.9 of the Settlement Agreement. The Court retains authority to require additional notice of any material modification affecting Class Members' rights.

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement and/or further order(s) of the Court. There shall be no distribution of any part of the Net Settlement Amount to the Settlement Class until the Plan of Allocation is finally approved, and until the Final Approval Order becomes Final.

19. All papers in support of final approval of the Settlement, the Plan of Allocation, Attorneys' Fees and Costs, and Case Contribution Awards shall be filed and served no later than forty-five (45) calendar days before the Final Approval Hearing and posted on the Settlement Website. General reply papers shall be filed and served no later than twenty-one (21) calendar days before the hearing, with responses to Class Member objections permitted at least seven (7) calendar days before the hearing as provided above. The Independent Fiduciary's written determination shall be provided no later than thirty (30) calendar days before the Final Approval Hearing in accordance with Sections 3.2 and 12.4 of the Settlement Agreement.

20. The Defendants, their counsel, and their insurers shall have no responsibility for the Plan of Allocation or any fee and expense application by Class Counsel or Case Contribution Awards to Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

21. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation, any fee and expense application proposed by Class Counsel, and any Case Contribution Awards sought by Plaintiffs should be approved.

22. Settlement Administrative Expenses shall be paid in accordance with the Settlement Agreement.

23. If the Settlement Agreement is terminated, reasonable and documented Settlement Administrative Expenses incurred or irrevocably committed before termination shall be paid first from interest earned on the Qualified Settlement Fund, if any, and Excess Settlement Administrative Expenses shall be allocated between Defendants and Class Counsel in accordance with Section 13.3 of the Settlement Agreement. Any remaining amounts in the Qualified Settlement Fund shall be returned to Defendants, their representatives, and/or their insurer(s). No reasonably avoidable charge for services performed after termination shall be included, and the Parties shall use reasonable efforts to cancel outstanding commitments and mitigate expenses. The $100,000 limitation on the share of the Excess Settlement Administrative Expenses paid by Class Counsel applies only in the circumstances specified in Section 13.3.3 of the Settlement Agreement. No individual Class Representative shall have personal liability for Settlement Administrative Expenses. Any dispute over the application of Section 13.3 of the Settlement Agreement shall be resolved by the Court.

24. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of: (i) the truth of any fact alleged or the validity of any claim or

defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or a Released Party. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

25. The Defendants, the Released Parties, Plaintiffs, Class Members, and each of their counsel may file the Settlement Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

26. All proceedings in the Action are stayed, save for those related to and necessary for the Court's consideration of and decisions regarding the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs and any Class Member, either directly, representatively, or in any other capacity, shall not commence against any of the Defendants, the Released Parties, or the Plan any action or proceeding in any court or tribunal asserting any of the Released Claims. Nothing in this Order prohibits truthful communications expressly permitted by Section 8.5 of the Settlement Agreement.

27. If the Settlement Agreement is terminated or fails to become effective in accordance with Articles 12 and 13, the consequences specified in those Articles shall govern, including restoration of the Parties and Class Members to their respective pre-Settlement Agreement positions, the effect on settlement-only certification and orders, and return of funds

subject to Section 13.3. No statement in this Order creates an additional termination right or alters the exceptions in Sections 13.4 and 13.5.

IT IS SO ORDERED.

DATED: ______________________ ________________________________________

THE HON. MARY M. ROWLAND
UNITED STATES DISTRICT JUDGE

# Exhibit E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADRIANNE GARDNER-KEEGAN, SCOTT A. NORMAN, and ALISON DELA RIVA, individually, and as Representatives of a Class of Participants and Beneficiaries of the W.W. Grainger, Inc. Retirement Savings Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>W.W. GRAINGER, INC., BOARD OF DIRECTORS OF W.W. GRAINGER, INC., and W.W. GRAINGER, INC. PROFIT SHARING INVESTMENT COMMITTEE,<br><br>Defendants. | Case No. 1:25-cv-05233<br><br>Honorable Mary M. Rowland |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

WHEREAS, the above-captioned action is pending before this Court (the "Action");

WHEREAS, Plaintiffs Adrianne Gardner-Keegan, Scott A. Norman, and Alison Dela Riva ("Plaintiffs"), on behalf of themselves and all Class Members, and Defendants W.W. Grainger, Inc., the Board of Directors of W.W. Grainger, Inc., and the W.W. Grainger, Inc. Profit Sharing Investment Committee ("Defendants") (altogether, the "Parties") entered into a Settlement Agreement (including exhibits thereto), dated October 23, 2026 (the "Settlement Agreement" or the "Agreement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Agreement;

WHEREAS, pursuant to the Order Granting Preliminary Approval of Class Action Settlement, entered [DATE], 2026 (the "Preliminary Approval Order"), this Court:

(a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on [DATE] (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and (c) how to rule on Class Counsel's fee and expense application;

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS ORDERED, ADJUDGED AND DECREED that:

1. **Incorporation of Settlement Documents.** This Judgment incorporates by reference the Settlement Agreement, including its exhibits such as the Email Settlement Notice, Long Form Settlement Notice, Short Form Postcard Settlement Notice, CAFA Notice, and the Protective Order. Capitalized terms used herein have the meanings set forth in the Settlement Agreement unless otherwise specified herein.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties, including

all Class Members. The Court retains jurisdiction over the implementation, administration, consummation, and enforcement of the Settlement Agreement and this Judgment.

3. **Class Certification for Purposes of Settlement**. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Settlement Class of: All persons who participated in the W.W. Grainger, Inc. Retirement Savings Plan (the "Plan") at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. The Class Period is May 12, 2019, through the date of entry of the Preliminary Approval Order.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby reaffirms its determinations in the Preliminary Approval Order and finally appoints Plaintiffs as Class Representatives for the Settlement Class and finally appoints Walcheske & Luzi, LLC as Class Counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice**. The Court finds that the dissemination of the Email Settlement Notice and Short Form Postcard Settlement Notice and availability of the Long Form Settlement Notice on the Settlement Website: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Class Counsel's request for payment of Attorneys' Fees and

Costs incurred in connection with the prosecution of the Action, of Class Members' rights to object thereto, and of their right to appear at the Final Approval Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause). The Court further finds that the applicable requirements of CAFA, including 28 U.S.C. § 1715, have been satisfied and the applicable statutory waiting period has elapsed.

6. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, (iii) the terms of any proposed award of attorneys' fees and costs, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and

provisions of the Settlement Agreement. The Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

7. The Action and all claims contained therein are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

8. **Releases.** The releases, covenant not to sue, limitations, and exceptions in Article 8 of the Settlement Agreement, together with the related definitions, including Released Claims in Section 2.38 and Released Parties in Section 2.39, are incorporated herein in all respects. Without further action and subject to the Settlement Agreement's terms, upon the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 3.2) and each Class Member, and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, on their own behalf and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims and shall be barred and enjoined from asserting Released Claims against Defendants, the Plan, or the Released Parties to the extent provided in the Settlement Agreement. This applies even if additional or different facts are later discovered, whether or not a Class Member receives a monetary benefit or actual notice, and whether or not the Class Member objects. The conduct covered by the releases provided for in Section 2.38, including Sections 2.38.1 and 2.38.2, extends through the date of this Judgment. The vested-benefits exception in Section 2.38.8 remains in effect. Each Class Member also releases the allocation- and tax-related claims described in Section 4.1.5 of the Settlement Agreement, subject to the Settlement Agreement's terms.

9. Notwithstanding Paragraph 8 above, nothing in this Judgment bars an action to enforce or effectuate the Settlement Agreement or this Judgment in accordance with the Settlement

Agreement, or prohibits truthful communications expressly permitted by Section 8.5 of the Settlement Agreement. Those expressly permitted communications do not themselves violate Section 8.2 or this Judgment.

10. **Binding Effect**. The terms of the Settlement Agreement and this Judgment shall be forever binding on Defendants, Plaintiffs, and each Class Member, as well as their respective successors and assigns.

11. **No Admissions**. This Judgment and the Settlement Agreement (including any exhibits thereto, and any Plan of Allocation), whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Settlement and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of the Settlement or this Judgment, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any allegation by Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, any liability, damages, negligence, fault, or wrongdoing of any of the Released Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document

approved or made by any of the Released Parties, or against or to the prejudice of Plaintiffs or any other Class Member as evidence of any infirmity in the claims of Plaintiffs or Class Members;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Parties, Plaintiffs, any Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Parties, Plaintiffs, Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

(d) do not constitute, and shall not be construed against any of the Released Parties, Plaintiffs, or any Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any Class Member that any of their claims are without merit or infirm or that damages recoverable in the Action would not have exceeded the Gross Settlement Amount.

12. The Settlement Administrator shall have sole and final authority, subject to the Court's continuing jurisdiction and the dispute-resolution provisions of the Settlement Agreement, to determine each Class Member's share of the Net Settlement Amount, including amounts payable to Beneficiaries and Alternate Payees, under the Court-approved Plan of Allocation. Questions concerning implementation of distributions not resolved by the Settlement Agreement shall be resolved by the Independent Fiduciary under applicable law and governing Plan terms,

with no liability beyond that provided by applicable law and governing Plan terms, in accordance with Section 4.1.9 of the Settlement Agreement. These provisions remain subject to the Court's retained jurisdiction. Within fourteen (14) calendar days after issuance of all settlement payments under the Plan of Allocation, the Settlement Administrator shall provide Class Counsel and Defense Counsel a list of each recipient and the amount of each payment or contribution.

13. **Modification of the Settlement Agreement.** Any subsequent amendment or modification of the Settlement Agreement must be in a written agreement signed on behalf of all Parties and approved in writing by the Independent Fiduciary and by the Court in accordance with Section 15.9. Reasonable extensions of time to carry out any of the provisions of the Settlement Agreement may be agreed upon subject to Court approval where required under Section 15.22.

14. **Approval of the Plan of Allocation.** The Court hereby finds and concludes that the Plan of Allocation for the distribution of the Net Settlement Amount provides a fair and reasonable basis upon which to allocate the Net Settlement Amount among eligible Class Members. The Court hereby approves the Plan of Allocation.

15. The Court's approval of the Plan of Allocation is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of the other aspects of this Judgment with respect to the Settlement.

16. **Attorneys' Fees and Costs.** Notice of Class Counsel's motion for an award of Attorneys' Fees and Costs was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of Attorneys' Fees and Costs satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause); constituted

the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

17. Class Counsel are hereby awarded attorneys' fees in the amount of $______________, and $______________ in reimbursement of litigation costs and expenses, which sums the Court finds to be fair and reasonable. The award of Attorneys' Fees and Costs shall be paid to Class Counsel from the Gross Settlement Amount in accordance with Section 6.2.1 of the Settlement Agreement, subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein. The award shall not exceed the Settlement Agreement's limits of $950,000 in attorneys' fees and $60,000 in litigation costs and expenses.

18. The Court's approval of the Attorneys' Fees and Costs is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of this Judgment with respect to the Settlement.

19. **Case Contribution Awards.** Plaintiffs Adrianne Gardner-Keegan, Scott A. Norman, and Alison Dela Riva are each awarded $______________ ($______________ in the aggregate) from the Gross Settlement Amount in recognition of their service to the Settlement Class, not to exceed $10,000 per Class Representative, subject to the terms of the Settlement Agreement. Payment shall be made in accordance with Section 6.2.2 of the Settlement Agreement.

20. **Termination of Settlement**. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement

Agreement, the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, and the Gross Settlement Amount shall be returned in accordance with Article 13 of the Settlement Agreement.

21. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

IT IS SO ORDERED.

DATED: ________________________

________________________________
THE HONORABLE MARY M. ROWLAND
UNITED STATES DISTRICT JUDGE

# Exhibit F

<<Date>>, 2026

<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<Address3>>
<<City>>, <<St>> <<Zip>>

Re: *Gardner-Keegan, et al. v. W.W. Grainger, Inc., et al.*,
United States District Court for the Northern District of Illinois
Case No. 1:25-cv-5233

Notice Pursuant to 28 U.S.C. § 1715

Dear CAFA Notice Recipient:

Analytics Consulting LLC, an independent settlement administrator (the "Settlement Administrator"), on behalf of Defendants W.W. Grainger, Inc. ("Grainger"), the Board of Directors of W.W. Grainger, Inc., and the W.W. Grainger, Inc. Profit Sharing Investment Committee (the "Committee") (collectively, "Defendants"), hereby provides your office with this notice under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to advise you of a proposed class action settlement between Defendants and the plaintiffs ("Plaintiffs" and, together with Defendants, the "Parties") in the above-referenced action. Please take notice of the following items of information, which are provided to you pursuant to 28 U.S.C. § 1715.

The Parties filed a motion with the United States District Court for the Northern District of Illinois on October 23, 2026, requesting preliminary approval of the proposed settlement. The Court has not yet granted preliminary approval of the proposed settlement, nor has it scheduled a hearing to consider preliminary approval of the settlement or a final fairness hearing regarding the settlement. If and when the Court schedules any such hearings, the dates of those hearings and other relevant information can be found via PACER as follows: (1) enter PACER through https://ecf.ilnd.uscourts.gov/cgi-bin/iquery.pl, (2) click on "Query," (3) enter the civil case number, 1:25-cv-5233, (4) click on "Run Query," and (5) click on the link "Docket Report." Information regarding any such hearings will be found on the docket.

In reference to this letter, a website has been set up for viewing the documents associated with this case. The website is [www.settlementwebsite.com], and on this website the following documents can be found:

1. Plaintiffs' Class Action Complaint and all accompanying documents.

2. The Settlement Agreement entered into by the Parties and submitted to the Court (including all exhibits).

3. The proposed notices that will be sent to the Class.

4. A copy of the Parties' Motion for Preliminary Approval of the Settlement, including all supporting documents.

5. The Court's June 30, 2025 Order dismissing the Board of Directors of W.W. Grainger, Inc. without prejudice pursuant to the Parties' stipulation.

6. The Court's January 26, 2026 written opinion granting in part and denying in part Grainger and the Committee's motion to dismiss.

Copies of the above materials are enclosed with this letter and are also available using the PACER information provided above in this notice. No final judgment has been entered in this action.

Also enclosed with this letter is a table providing a reasonable estimate of the number of Class Members residing in each state. The specific settlement allocation to each Class Member will be determined by the Settlement Administrator pursuant to the Plan of Allocation to be approved by the Court. The proposed Plan of Allocation appears as Exhibit C to the Settlement Agreement. We do not yet know which Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the entire settlement of the claims of the Class Members who reside in each state. Upon final approval of the settlement by the Court, settlement proceeds will be distributed among the Class Members according to the Plan of Allocation as set forth in the Settlement Agreement.

There are no other contemporaneous agreements between Class Counsel and counsel for Defendants.

Defendants are represented by Richard E. Nowak and Elaine Liu of Mayer Brown LLP. Should you have any questions regarding this matter, please use the following contact information.

Richard E. Nowak
Elaine Liu
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
rnowak@mayerbrown.com
eliu@mayerbrown.com

Sincerely,

Analytics Consulting LLC

# Exhibit G

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADRIANNE GARDNER-KEEGAN, SCOTT A. NORMAN, and ALISON DELA RIVA, individually, and as Representatives of a Class of Participants and Beneficiaries of the W.W. Grainger, Inc. Retirement Savings Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>W.W. GRAINGER, INC., BOARD OF DIRECTORS OF W.W. GRAINGER, INC and W.W. GRAINGER, INC. PROFIT SHARING INVESTMENT COMMITTEE,<br><br>Defendants. | Case No. 1:25-cv-05233<br><br>Honorable Mary M. Rowland |

## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Scope. All materials produced or adduced in the course of discovery, including materials produced in informal settlement discovery pursuant to the parties' confidentiality agreement, preliminary and final lists of Class Members, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The Settlement Administrator shall be bound by this Order as required by the Settlement Agreement,

and Confidential Information may be used for notice and administration of the Settlement in accordance with the Settlement Agreement.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information. Materials produced by Defendants during informal settlement discovery pursuant to the parties' agreement that those materials would be treated as confidential, and the preliminary and final lists of Class Members, shall be deemed Confidential Information as provided in Section 15.24 of the Settlement Agreement. Any post-production designation of other materials must be made in good faith under this Order.

3. Designation.

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or

at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.

4. Depositions. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof and notice and administration of the Settlement. Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(i) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(ii) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(iii) The Court and its personnel;

(iv) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(v) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

(vii) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(viii) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(ix) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. The Settlement Administrator may receive Confidential Information reasonably necessary to carry out its duties under the Settlement Agreement, subject to this Order and any other agreed nondisclosure or security protocol.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A

party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information designated by the other party to this case.

13. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. Obligations on Conclusion of Litigation.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within thirty (30) calendar days following the completion of all aspects of the Plan of Allocation, the Settlement Administrator, Class Representatives, and Class Counsel shall comply with the destruction requirement of this Order with respect to materials designated Confidential Information before entry of this Order, materials produced by Defendants during informal settlement discovery pursuant to the parties' confidentiality agreement, and the preliminary and final Class Member lists. Subject to the archival-retention exception below, the receiving party shall destroy Confidential Information, including copies as defined in ¶ 3(a), and certify to the producing party that it has done so. If the Settlement Agreement terminates, the destruction obligation shall instead apply within thirty (30) calendar days after dismissal or entry of final judgment not subject to further appeal.

(c) Retention of Archival Materials. Notwithstanding the above destruction requirement, counsel may retain one archival set of pleadings, court filings, correspondence, attorney work product, and materials reasonably necessary to comply with professional-responsibility, record-retention, tax, or insurance obligations. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work

product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating settlement. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated:

______________________________
Honorable Mary M. Rowland
U.S. District Judge

WE SO MOVE
and agree to be bound by the
terms of this Order

*/s/ Paul M. Secunda*
Paul M. Secunda
WALCHESKE & LUZI, LLC
1200 N. Mayfair Road, Suite 270
Wauwatosa, WI 53226
(414) 828-2372
psecunda@walcheskeluzi.com

*Counsel for Plaintiffs*

Dated: October 23, 2026

WE SO MOVE
and agree to be bound by the
terms of this Order

*/s/ Richard E. Nowak*
Richard E. Nowak
Elaine Liu
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
rnowak@mayerbrown.com
eliu@mayerbrown.com

*Counsel for Defendants*

Dated: October 23, 2026

## ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADRIANNE GARDNER-KEEGAN, SCOTT A. NORMAN, and ALISON DELA RIVA, individually, and as Representatives of a Class of Participants and Beneficiaries of the W.W. Grainger, Inc. Retirement Savings Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>W.W. GRAINGER, INC., BOARD OF DIRECTORS OF W.W. GRAINGER, INC., and W.W. GRAINGER, INC. PROFIT SHARING INVESTMENT COMMITTEE,<br><br>Defendants. | Case No. 1:25-cv-05233<br><br>Honorable Mary M. Rowland |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated ____________, 202__, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: ________________________________

Job Title: ________________________________

Employer: ________________________________

Business Address: __________________________

__________________________

__________________________

Date: ________________ Signature: ______________________________